CHARLEY BURKE v. THE STATE.

No. 12062. Delivered December 12, 1928.

The opinion states the case.

*Marshall & Stewart* and *Vickers & Campbell* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The indictment contained two counts, one charging the sale and the other the possession of intoxicating liquor. The only count submitted to the jury was that charging sale.

The State relied upon the witness Kline, who testified that from the appellant he purchased whisky on the 28th day of November and again on the first day of December. The appellant testified and denied the sale in each instance. He introduced a number of witnesses supporting his reputation as a law-abiding and truthful man. The testimony of Kline was sharply controverted by circumstances put in evidence by the appellant through several witnesses.

The State having elected to rely upon the transaction of December 1st, the appellant sought by a requested charge to have the jury instructed to disregard the evidence showing the sale of November 28th. The request was refused. The court embraced in his general charge an instruction calling attention to the evidence of the sale of November 28th, and instructing the jury that the testimony, if considered, could not be considered by them for any purpose except as bearing upon the credibility of the appellant. It is believed that the request to withdraw the testimony should have been granted, especially in view of that paragraph of the court's charge to which reference has just been made. The testimony of Kline to a transaction denied by the appellant is not deemed to have been a proper subject of a charge instructing the jury in substance that the evidence of the transaction mentioned was available to impeach the appellant. As impeaching testimony, the item in question stands

upon no higher ground than evidence of any other specific acts of misconduct which, under the settled law of this State, are not available as impeaching testimony. McAfee v. State, 17 Tex. Crim. App. 139, and other cases collated in Branch's Ann. Tex. P. C., Sec. 168.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*