99 P.2d 711

**STATE v. RODMAN.**

No. 4486.

Supreme Court of New Mexico.

Feb. 21, 1940.

Robert A. Morrow, of Raton, and Kiker & Sanchez and Anthony J. Albert, all of Santa Fe, for appellant.

Filo M. Sedillo, Atty. Gen., and Fred J. Federici, Asst. Atty. Gen., for appellee.

BICKLEY, Chief Justice.

On the 4th day of December, 1937, there was filed in the office of the Clerk of the District Court of Colfax County, New Mexico, in this cause an Information charging the defendant, John Rodman, with statutory rape. Upon demand of the defendant, the District Attorney filed a Bill of Particulars alleging the said act of sexual intercourse to have been perpetrated: "on or about the 2nd day of March, A. D. 1937, in a certain sand house in Van Houten, Colfax County, New Mexico, between the hours of 8:00 and 10:30 o'clock p. m.; that at said time the said Josephine Rody was a female under the age of sixteen years".

At the commencement of the trial, the District Attorney, in his opening statement

to the jury, announced that the State expected to prove, among other things: "that the defendant John Rodman some day between the 14th day of February, 1937, and the 7th day of March, 1937, took Josephine Rody into a sand house out at Van Houten and had sexual intercourse with her at a time when she was under the age of sixteen years; that one of our witnesses came along and caught them in the sand house at that time and made some remark to them, and no doubt it will appear from the evidence that other acts of sexual intercourse were had before and after that time."

Josephine Rody, being called as a witness on behalf of the State, testified on direct examination that she was sixteen years of age on the 19th of March, 1937; that she had lived in Van Houten about ten years; that she started going around with John Rodman when she was fourteen years of age in 1935, and continued to go around with him for more than two years. In the course of her testimony she said that she had sexual intercourse with the defendant on Decoration Day in 1935; that after that occurrence she had sexual intercourse with the defendant many times, but she could not remember all the dates, but such incidents occurred once a week or once every two weeks, and more than once in a sand house in Van Houten in the night time.

At the conclusion of the testimony, both sides having rested, the defendant moved the court to require the State to elect which act of sexual intercourse on which it produced testimony it relied upon for conviction. The District Attorney responded: "In response to the motion, now comes the State and shows to the Court that in compliance with the defendant's request for a Bill of Particulars the State has already elected to rely upon the incident testified to by the prosecutrix as occurring in the sand house sometime between the 14th day of February, 1937, and the 7th day of March, 1937, when said parties were interrupted by Joe Lee." The jury was instructed, and after its deliberation brought in a verdict of guilty in manner and form as charged in the Information. Thereafter the defendant was sentenced to serve a term of imprisonment in the state penitentiary of not less than ten and not more than twenty years.

The first point presented by appellant in support of his contention that the judgment should be reversed and which embraces several assignments of error is that the court erred in giving Instructions No. 7 and No. 12 to the jury over the objection of the defendant and in refusing defendant's requested Instruction No. 1. Instructions No. 7 and No. 12, so far as material to our review, are as follows:

"7. * * *

"That such act of sexual intercourse was had by the defendant with the said Josephine Rody in a certain sand house in Van Houten, Colfax County, New Mexico, on or about the 2nd day of March, A. D. 1937, between the hours of eight and ten-thirty o'clock P. M., *or at any other time within*

*three years next preceding the date of filing the Information in this case, to-wit, December 4, 1937, but same must have been had prior to March, 19, 1937."* (Emphasis supplied)

"12. * * *

"If you believe, beyond a reasonable doubt, that the defendant at the time and place charged in the Information, as supplemented by the Bill of Particulars *or at any time within three years prior to the filing of the Information in this case,* had sexual intercourse with the said Josephine Rody, and that at said time and place the said Josephine Rody was under the age of sixteen years, then you should find the defendant guilty in manner and form as charged in the Information, regardless of any testimony as to force and violence, or deception or any other fact.

"But, if you do not believe that said defendant did have sexual intercourse with the said Josephine Rody at the time and place charged, *or at any time within three years prior to the filing of the Information in this case,* or if you entertain a reasonable doubt that he did, or if you do not believe that the said Josephine Rody was under the age of sixteen years at said time, or if you entertain a reasonable doubt that she was under the age of sixteen years at said time, then by your verdict you should find the defendant not guilty." (Emphasis supplied)

The court also gave instruction No. 13 as follows: "You are further instructed that the evidence of previous acts of sexual intercourse between the defendant and the prosecutrix, and of improper familiarity on the part of the defendant towards and with the prosecutrix, both before and after the time charged in the Information and Bill of Particulars, is received and admitted in evidence to prove the disposition of the defendant herein to have sexual intercourse with the prosecutrix, and as having a tendency to render it more probable that the act of sexual intercourse charged in the Information and Bill of Particulars was committed on or about the 2nd day of March, 1937, *or at any other time within a period of three years next preceding the filing of the Information in this case,* and for no other purpose." (Emphasis supplied)

Counsel for defendant excepted to Instruction No. 7: "for the reason that it contains the words in paragraph two thereof, 'on or at any other time within three years next preceding the date of the filing of the information in this case, to-wit, December 4, 1937.' ", and urged in connection with such exception that under the Bill of Particulars the State is confined to on or about March 2, 1937, "and the said Instruction No. 7 allows too wide a latitude of time". After Instruction No. 12, the defendant objected to the language, "or at any time within three years prior to the filing of the Information in this case", urging reasons similar to those in the objection to Instruction No. 7.

Appellant in this court urges other objections to Instructions No. 7 and No. 12 which the Attorney General says are not fairly embraced within the specific objections made in the trial courts. We find it unnecessary to go beyond the specific exceptions made in the court below.

 The court fell into error doubtless for the reason that a plea of not guilty raises the issue of the bar of the statute of limitations where the prosecution of the offense is subject to limitation and ordinarily it is a necessary part of instructions in criminal cases to protect the defendant from being prosecuted a second time for the same offense. However, it is not invariably true that it is necessary for the protection of the defendant that the instructions include a reference to the limitation period. For a discussion of instructions as to the time of offense generally, see 16 C.J., Criminal Law, Sec. 2364. It is there said: "Where the uncontradicted evidence shows that the offense was committed before the prosecution, the court need not charge that the evidence must show that it was committed before the filing of the complaint; and where such evidence shows that the offense was committed within the period of limitation, it is not necessary to instruct that it must have been committed within such period. But ordinarily, *where time is not an essential and material element of the offense,* an instruction as to the time should limit it to a date anterior to the date of the filing of the indictment or information, and within the limits included in the statute of limitations applicable to the offense charged, and should fix the time covered by the statute * * * *Where the prosecution elects to proceed for an offense as of a certain date, the instructions should limit the jury to finding whether the* offense was committed on that date." (Note 27) (Italics supplied) In the case of State v. Clark, 27 Idaho 48, 146 P. 1107, 1111, cited to the last sentence of the foregoing text, it was said: "The prior acts of defendant testified to would only be competent, if competent at all, for the purpose of showing familiarity between the parties, or for the purpose of corroborating the offense charged, provided it should be held that the prosecutrix was not an accomplice. In case she were an accomplice, she could not corroborate her own testimony by testifying that the defendant had been intimate with her prior to the date of the crime charged in the information or prior to the time of telling others that he had done so. That being true, the jury should have been limited to find whether the act was committed on the date elected by the state, and the court should have limited the jury to the time so elected, since the defendant was not prosecuted for any other act than the one charged to have occurred on the date so elected by the state." In addition to the cases cited in support of the text (Note 27) the subsequent annotations disclose Burke v. State, 1928, 111 Tex. Cr.R. 161, 12 S.W.2d 215, where the court decided: "In prosecution for sale of intoxicating liquor, in which state elected to rely upon transaction of particular date,

refusal of defendant's request to charge jury to disregard evidence showing previous sale held error." In Love v. State, 142 Miss. 602, 107 So. 667, it was held: "In a prosecution for incest, where the state proved by an eyewitness the offense of the date of the arrest, the date testified to positively in the evidence, the defendant is entitled to an instruction telling the jury that they must find from the evidence that the offense was committed on the date shown in the proof, and, where there is evidence of more than one offense, the court may not modify the instruction so as to tell the jury they must believe the offense committed on the date mentioned in the testimony 'or prior thereto.' The defendant can only be tried for one offense at a time." In State v. Tobin, 31 Wyo. 355, 226 P. 681, 682, it was held: "Where evidence showed crimes to have been committed both on January 22d and January 23d, instruction which permitted finding of guilty of gaming on either date was misleading and erroneous." In Spencer v. State, 24 Ala.App. 140, 131 So. 456, it was decided: "Refusing defendant's instruction authorizing acquittal on statutory rape charge unless jury found offense was committed on date relied upon held error." In Randolph v. State, 117 Tex.Cr.R. 80, 36 S.W.2d 484, the law is admirably set forth in paragraphs 4 and 5 of the syllabus:

"Ordinarily, it is proper to instruct that state is not restricted to date laid in indictment, but may prove offense committed any time within limitation period.

"Charge that state is not restricted to date laid in indictment is improper, where state is required to elect on which transaction it will seek conviction."

■ The Attorney General seeks to break the force of the contentions of the appellant with the argument: "Certainly, appellant could not be heard to complain if there had been only one act of intercourse. The mere fact that the evidence discloses more than one act of intercourse between the defendant and prosecutrix should not change the situation in view of the fact that both the bill of particulars and the instruction given by the court (Instruction No. 7) particularize as to the town, the sand house, the approximate date, and even the hour of the day when the particular offense was committed, to-wit: 'between the hours of eight and ten-thirty o'clock P. M.'." The Attorney General's view would be supported by the views of the Wyoming Supreme Court in State v. Slane, 48 Wyo. 1, 41 P.2d 269, where it was decided: "In statutory rape prosecution, court should have given instruction requiring acquittal unless jury found crime to have been committed on date of crime on which state elected to rely, where there was evidence of several acts of intercourse comparatively shortly before and after such date, unless date on which state relied could be distinguished in some other manner from other dates on which other acts were committed."

The trouble with this argument of the Attorney General is that the prosecuting

witness testified that all incidents occurred at Van Houten, and of the many incidents related more than one occurred in the sand house, but she could not remember how many times, and that they invariably occurred in the night time, so that the date on which the state relied, namely, on or about March 2, 1937, could not be distinguished because of town, sand house, and hour of the day. The Attorney General said that he fails to. see where appellant would have been any better off had the court granted or given his requested Instruction No. 2, which he offers in lieu of Instruction No. 12, which requested Instruction No. 2 read in part: "But, if you do not believe that said defendant did have sexual intercourse with said Josephine Rody at the time and place charged, or at any time within three years prior to the filing of the Information in this case." Neither do we so far as the point now under consideration is concerned, but it does not appear that the defendant, by his requested Instruction No. 2, led the court into error. In the early part of the trial, after argument in the absence of the jury, the court announced: "The Court will rule this, that the defendant has requested a Bill of Particulars and the State has seen fit to give a Bill of Particulars, and now under the law of this State any date within three years prior to the filing of the Information the jury can rely on any of them, and this thing of going back to that time when the defendant and this girl were together, the State is not now limited to this one act in the Bill of Particulars since the defendant has opened up that question." Counsel for the defendant at that time combatted this view. It is by no means certain that the defendant opened up the question by inquiring on cross-examination as to other incidents. At the close of the direct examination by the District Attorney we find the following: "Q. Going back of February 14, 1937, tell the jury whether or not you ever had sexual intercourse with John Rodman before that time? A. Yes, sir, I did." Furthermore, if the defendant, by his conduct of the cross-examination, had waived anything he evidently re-asserted his right to have the inquiry confined to on or about March 2, 1937, when at the close of the evidence he demanded and secured an election by the State to rely upon the charge as of that date.

In Render v. Commonwealth, 206 Ky. 1, 266 S.W. 914, 916, the court said:

"In the second place, to men of common sense, as members of a jury are presumed to be, the expression 'on or about' does not mean a variation of three or four months. As said by Justice Van Devanter, now one of the Supreme Court Judges, but then a circuit judge, in construing an indictment in the case of Rinker v. United States, 151 F. 755, at page 757, 81 C.C.A. 379, 381:

" 'The common understanding of. the words "on .or about," when used in connection with a definite point of time, is

that they do not put the time at large, but indicate that it is stated with approximate accuracy.' "

Whatever may be said as to the meaning of "on or about", surely it was allowing too much latitude to permit the jury to consider offenses occurring as far back as December 4, 1934, which would embrace all of the period of intimacy between the prosecutrix and the defendant from Decoration Day, 1935, to December 4, 1937, or March 19, 1937. These instructions were a roving commission to the jury to find the defendant guilty if they found he had sexual intercourse with the prosecutrix in Van Houten in the sand house in the night time at any time before March 19, 1937, and after December 4, 1934, and were misleading and prejudicial.

The Attorney General again attempts to break the force of these contentions by pointing out that Instruction No. 13 heretofore quoted directed the attention of the jury to the fact that evidence of previous acts of sexual intercourse between the defendant and the prosecutrix and of improper familiarity on the part of the defendant towards and with the prosecutrix both before and after the time charged in the Information and Bill of Particulars is received and admitted to prove the disposition of the defendant herein to have sexual intercourse with the prosecutrix and as having a tendency to render it more probable that the act of sexual intercourse charged in the Information and Bill of Particulars was committed on or about the

2nd day of March, 1937. Unfortunately for his argument it also contains the following language: "on or at any other time within a period of three years next preceding the filing of the Information in this case, and for no other purpose."

If the evidence referred to was solely for the purposes stated it is not apparent what the statute of limitations has to do with it.

The only remaining distinguishing feature of the act committed on or about March 2, 1937, possibly is the phrase in the election by the District Attorney "when said parties were interrupted by Joe Lee."

In view of the fact that Joe Lee's testimony fails to identify the parties he saw in the sand house and the prosecuting witness identified Joe Lee by his voice alone, under the circumstances we think this too tenuous for reliance.

From all of the foregoing, it appears that the judgment must be reversed.

The prosecuting witness testified that on May 16, 1937 Alex Chagenovich caught her and defendant in the act of sexual intercourse in the sand house. The court refused the offer of the defendant to produce Chagenovich to contradict this statement.

■ While a borderline proposition, we consider it appropriate to advise that in the event, upon another trial, the prosecuting witness testifies similarly, that the defendant be permitted to produce Chagenovich to testify that it wasn't so.

It is sufficient to say that we regard other assignments of error present at most other borderline questions which we find it unnecessary to pass upon.

The judgment is reversed and the cause remanded with directions that a new trial be allowed, and

It is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.