457 P.2d 987

James M. McBEE, Plaintiff-Appellant,

v.

The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, Defendant-Appellee.

No. 311.

Court of Appeals of New Mexico.

Aug. 1, 1969.

Lorenzo A. Chavez, Melvin L. Robins and Monte Lee Sherrod, Albuquerque, for plaintiff-appellant.

B. G. Johnson, J. J. Monroe, Iden & Johnson, Albuquerque, for defendant-appellee.

## OPINION

SPIESS, Chief Judge.

This appeal is by plaintiff-appellant, McBee, from a judgment based on a jury verdict in favor of defendant, railway company. The case is governed by and arises under the Federal Employers' Liability Act, 45 U.S.C.A. Sec. 51 et seq. McBee, an employee of the railway company, claims to have been injured as he was operating a switch in the railway company's yard at Albuquerque. He says that he "was in the customary position to throw said switch and the injury occurred when extra pressure had to be applied to said switch because it was 'frozen.'" McBee asserts that the railway company was negligent in failing to properly maintain and service the switch and in failing to provide him with a safe place to work. His injuries he claims were due to such negligence.

Evidence was introduced showing that at the time of the accident there was debris in the area near the switch. Witnesses stated that if material of the kind shown to be in the area became lodged in the switch it would be difficult to throw. It does not, however, affirmatively appear from the evidence that any of the debris was actually in the switch at the time McBee operated it, nor that the debris contributed in any respect to the accident or injuries.

McBee relies upon two points for reversal. The first is directed at court's Instruction 13, which reads as follows:

"As it was the duty of all defendant's employees to exercise ordinary care, so it was the continuing duty of the plaintiff to exercise like care for his own safety, and in so doing, to make a reasonable use of his faculties to warn him of danger.

"If he failed in such duty, he himself was negligent. If his negligence was the sole proximate cause of his injury, then he may not recover.

"If his conduct amounted to contributory negligence as to any injury suffered, and if you should find that the defendant is liable for such injury, then, in fixing the damages to be awarded plaintiff for that injury, a proportionate reduction

must be made because of such contributory negligence, under instructions heretofore given."

As shown by the record, McBee objected to the instruction upon three grounds: "first, it interjects the defense of assumption of risk in the guise of no negligence; second, it is an incorrect statement of the law; third, contrary to law, it instructs the jury that assumption of risk in the primary sense may amount to contributory negligence."

He argues that "[i]n instructing the jury that if plaintiff's injury was caused solely because of plaintiff's failure to make reasonable use of his faculties to warn him of danger, then plaintiff could not recover, the court in fact instructed the jury that in FELA cases, the duty to protect from sources of injury due to inadvertence [sic] or oversight is in the employee not the employer."

The contention, in substance, is that the instruction interjects at least to a limited extent the doctrine of the assumption of risk in the case.

We are aware that after amendment to the Federal Employers' Liability Act in 1939 assumption of risk was not available as a defense to the employer. See Tiller v. Atlantic Coastline R. R. Company, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967 (1943).

Employer's negligence, together with a causal relationship between such negligence and employee's injury, is the basis upon which employer liability rests. Employer negligence and its causal relationship to injury are, of course, issues in a proceedings under the Act.

The failure of an employee to make reasonable use of his faculties to warn him of danger under the questioned instruction is characterized as negligence. The term "faculties" employed in the charge might well have been so limited as to exclude the possible construction suggested by McBee. The failure, however, to so limit the instruction is not, in our opinion, reversible error for the reason that the court did instruct the jury specifically as to the duty of the employer to protect the employee from sources of injury resulting from inadvertence or oversight. This latter instruction is in the following language.

"11. Section 4 of the Federal Employers' Liability Act (45 U.S.C.A. § 54) provides in part that:

'In any action brought against any common carrier * * * to recover damages for injuries to * * * any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where such injury * * * resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier.'

"By this is meant that the defendant has the duty to use reasonable care under the circumstances to protect plaintiff against foreseeable source of injury resulting in whole or in part from any inadvertance [sic] or oversight on the part of the plaintiff in throwing the switch in the manner and the circumstances under which he was throwing the switch."

Instructions are to be considered as a whole. See Roybal v. Lewis, 79 N.M. 227, 441 P.2d 756 (1968). Applying this rule, particular expressions should be treated as qualified by the context of other instructions. See American Telephone & Telegraph Company of Wyoming v. Walker, 77 N.M. 755, 427 P.2d 267 (1967).

In our opinion, Instruction 13, when considered with Instruction 11, does not suggest that the duty to protect from sources of injury due to inadvertence or oversight is in the employee and not the employer.

We further comment that if Instruction 13, standing alone, is subject to being interpreted in the manner suggested by McBee, which we do not decide, it is nevertheless appropriate that we consider the instructions as a whole and if the entire charge on the matter in issue is adequate and sufficient for the guidance of the jury

it is sufficient. See Hamilton v. Doty, 71 N.M. 422, 379 P.2d 69 (1962); McFatridge v. Harlem Globe Trotters, 69 N.M. 271, 365 P.2d 918, 89 A.L.R.2d 1154 (1961); Blewett v. Barnes, 62 N.M. 300, 309 P.2d 976 (1957).

We are satisfied that the charge involved is sufficient. The claim of error as to Instruction 13 is not well taken.

McBee cites Chavez v. Atchison, Topeka and Santa Fe Railway Company, 79 N.M. 401, 444 P.2d 586 (1968). In *Chavez,* the court held an instruction to be erroneous which specifically stated that overexertion of one's capabilities and strength can be negligence on the part of an employee. With reference to such instruction the court said:

"* * * While the instruction mentioned negligence, it was prejudicial error to give it. As we construe the instruction, the court told the jury indirectly that an employee may assume the ordinary risk incident to his employment if he sustains an injury as a result of his bad judgment in overestimating his capabilities and strength. * * *"

*Chavez,* in our opinion, does not support McBee's position for the reason that the meaning given by our Supreme Court to the instruction in *Chavez* differs materially from the instruction in the present case when considered as a whole.

McBee next objects to Instruction 26. The portion material to the objection follows:

"Proof merely of the existence of a defective condition in railroad equipment does not, in itself, establish negligence.

"When it is claimed, as in plaintiff's complaint that plaintiff suffered injury as a result of a defective switch, before recovery may be had, the proof must show by a preponderance of evidence not only the existence of such a condition but also these other facts:

"That such condition was a proximate cause of injury to the plaintiff: that its existence at the time of the accident was attributable to defendant's negligence, acting as a proximate cause in one of these ways: (1) that the defendant negligently created or installed the switch in the first instance; or (2) that the defendant had actual notice of the condition and did not repair or remove it as soon as would have been done in the exercise of ordinary care; or (3) that the defendant, not having received actual notice of the condition and not having repaired or removed it, did have constructive notice of the condition in time so that, by exercising ordinary care, defendant could have corrected the situation before the accident."

The objection to the instruction, as stated in the brief, is "it immediately implies that the employer did not have a duty to inspect to discover defects."

The implication suggested seems to us to have its basis in the fact that the instruction fails to specify that a breach of duty to inspect might constitute a basis upon which the jury could have found employer liability. The objection urged at the trial to the instruction is as follows:

"* * * the instruction is an incorrect statement of the law; two, it puts an undue burden on the plaintiff, it puts a burden not required by law on the plaintiff; three, it shifts the duty from the defendant to the plaintiff."

It is well settled that one objecting to an instruction has a duty to specifically point out the claimed defect and reasons for his exception so as to alert the mind of the trial judge to the claimed error and afford an opportunity for correction. State v. Compton, 57 N.M. 227, 257 P.2d 915 (1953); Sturgeon v. Clark, 69 N.M. 132, 364 P.2d 757 (1961).

Objections to instructions which fail to point out specifically the claimed vice or defect are insufficient to preserve the error for review. See Scott v. Brown, 76 N.M. 501, 416 P.2d 516 (1966); Castillo v. Juarez, 80 N.M. 196, 453 P.2d 217 (1969).

We think the objection was insufficient to alert the mind of the trial judge to the claimed vice in the charge as asserted here. There is nothing in the plaintiff's objection indicating that the charge implies or might imply that the employer did not have a duty of inspection. No mention is made of a duty to inspect nor is absence specifically alluded to. In our view the language of the objection does not inform the court of the vice now asserted. It follows that the objection to the instruction is not subject to review. Accordingly, we do not consider whether, under the facts of this case, the instruction is a correct statement of law.

The judgment appealed from must be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.