481 P.2d 707

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**David E. McNEECE, Defendant-Appellant.**

**No. 529.**

Court of Appeals of New Mexico.

Feb. 12, 1971.

Mari W. Privette, H. Gregg Privette, Privette & Privette, Las Cruces, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Leila Andrews, Asst. Atty. Gen., for plaintiff-appellee.

OPINION

WOOD, Judge.

Defendant was erroneously convicted and sentenced because the proceedings against him, for possession of marijuana, were under the inapplicable general statute, § 54–7–13, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, Supp.1969). The applicable statute is § 54–5–14, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2). State v. Riley, 82 N.M. 235, 478 P.2d 563 (Ct.App.), decided December 11, 1970.

The appeal does not question which statute is the applicable one. However, " * * * [l]ack of jurisdiction at any stage of a proceeding is a controlling consideration to be resolved before going further. * · * * " State v. Arnold, 51

**346**

N.M. 311, 183 P.2d 845 (1947). We may raise the question of jurisdiction on our own motion. State v. Weddle, 77 N.M. 417, 423 P.2d 609 (1967); State v. Arnold, supra.

 Is the conviction and sentence of defendant under an inapplicable statute a question of jurisdiction? We hold that it is. One aspect of jurisdiction is the power or authority to decide the particular matter presented. Heckathorn v. Heckathorn, 77 N.M. 369, 423 P.2d 410 (1967), and cases therein cited; see dissent in Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968). The trial court had no authority to convict and sentence defendant under an inapplicable statute. It, therefore, proceeded without jurisdiction.

Defendant's conviction and sentence are reversed. The cause is remanded with instructions to dismiss the charge against defendant under the inapplicable statute. State v. Riley, supra.

It is so ordered.

LaFEL E. OMAN, Justice, Supreme Court, and HENDLEY, J., concur.