484 P.2d 755

**STATE of New Mexico, Appellee,**

v.

**Fernando GONZALES, Appellant.**

**No. 614.**

Court of Appeals of New Mexico.

April 23, 1971.

Robert L. Christensen, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Santa Fe, Thomas L. Dunigan, Asst. Atty. Gen., for appellee.

OPINION

SPIESS, Chief Judge.

Defendant was convicted on two counts of unlawful sale of marijuana under § 54–7–14, N.M.S.A.1953 (Rpl.Vol. 8, pt. 2), the Uniform Narcotics Drug Act. Defendant has appealed and contends here, as he did before the trial court, that the prosecution was improperly conducted under [§ 54–7–14] the general Act, but should have been prosecuted under the special Act, which applies specifically to the crimes charged. [§ 54–5–14, N.M.S.A.1953 (Rpl.Vol. 8, pt. 2)].

We have held that prosecutions under § 54–7–14, supra, for giving away or possession of marijuana cannot stand. State v. Riley, 82 N.M. 235, 478 P.2d 563 (Ct.App. 1970); State v. Rendleman, 82 N.M. 346, 481 P.2d 708 (Ct.App.1971); State v. McNeece, 82 N.M. 345, 481 P.2d 707 (Ct. App.1971); and State v. Thorn, 82 N.M. 431, 483 P.2d 312 (Ct.App.) decided March 12, 1971.

█ The parties appear to concede, and we think correctly so, that since the special statute [§ 54–5–14, supra,] includes the sale of marijuana, that this case is not distinguishable from Riley, Rendleman, Mc-Neece or Thorn, upon the ground that a sale rather than giving away or possession of marijuana is involved.

█ It is the state's position that since the acts committed by defendant and upon which the prosecution was based occurred in January of 1969, the general statute [§ 54–7–14] was applicable, citing State v. Chavez, 77 N.M. 79, 419 P.2d 456, (1966). In Chavez the court held that although both the special Act, relating only to marijuana, and the general Act, relating generally to narcotic drugs, were passed in 1935, the legislature, through later amendments to the general Act, by including marijuana as a narcotic drug and likewise increasing the penalties under the general Act and not amending the special Act, intended the general Act to be applicable to marijuana prosecutions.

It is argued that the holding in Riley is based, at least in part, upon the reasoning employed in Chavez, namely, that since the penalty provisions of both the general and special Acts were amended by Chapter 236, Laws of 1969, it was intended that the spe-

cial Act be applicable to marijuana prosecutions as a later legislative expression. In *Riley*, the holding that the special Act, [§ 54–5–14] was applicable to the prosecution there involved was not based upon the 1969 amendment to both the special and general Acts, but upon the ground that the special Act [§ 54–5–14, supra,] relating exclusively to marijuana was controlling over the general Act [§ 54–7–14, supra,] relating generally to narcotic drugs.

The fact that the alleged unlawful sales occurred before the effective date of the 1969 amendment does not support a conclusion that *Riley* is inapplicable to this action.

In our view, the court lacked jurisdiction in convicting and sentencing defendant under the general Act. [§ 54–7–14]. State v. McNeece, supra.

The conviction and sentence is reversed; the cause remanded, with instructions to dismiss the charge against defendant under the particular statute.

It is so ordered.

WOOD and SUTIN, JJ., concur.