491 P.2d 511

STATE of New Mexico, Plaintiff-Appellee,

v.

Kenneth CRANFORD, Defendant-Appellant.

No. 9309.

Supreme Court of New Mexico.

Dec. 13, 1971.

Joseph D. Beaty, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, James B. Mulcock, Jr., Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

COMPTON, Chief Justice.

The defendant was convicted of first degree murder and now appeals alleging various grounds for reversal.

Appellant was arrested in Juarez, Mexico, by Mexican officials on January 18, 1971. Present but not participating in the arrest was Officer Willie Garcia of the New Mexico State Police, at whose request the arrest was made.

Appellant was held by Juarez officials for approximately three days, during which time he was questioned by Mexican authorities, an agent of the Federal Bureau

of Investigation, and by Officer Garcia. While in custody in Mexico appellant signed two Advice of Rights forms that were provided by the FBI agent, advising him of his constitutional rights as they applied in Mexico. The Advice of Rights forms signed by him deleted the section stating that an attorney would be provided appellant if he could not afford one. While in Mexico, appellant also gave a written statement to Officer Garcia in which he admitted killing Ellis Hall, which, over appellant's objection was admitted into evidence at his trial.

■ Appellant contends that the trial court committed prejudicial error in admitting into evidence his statement taken while appellant was in custody of the Mexican police. He further contends the court erred in admitting the Advice of Rights forms and certain statements made by him to the FBI agent while being interrogated in Mexico. He also contends that he was denied the right of counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, and urges us to apply Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, extraterritorially. These contentions were answered in United States v. Dopf, 434 F.2d 205 (5th Cir.), wherein the defendants had made statements while in the custody of Mexican authorities which were admitted into evidence at their trial in the United States. The rationale of the Dopf holding, supra, is persuasive. Though Dopf, supra, was reversed on other grounds, the court explicitly affirmed the lower court's ruling that the claimed constitutional rights of the defendants did not apply while they were in Mexico. Appellant's claim of errors is without merit. Due to the non-application of Miranda, supra, appellant's argument that the Advice of Rights forms should not have been entered into evidence is without merit.

■ Appellant's second point for reversal is that the trial court committed prejudicial error in denying his motion to suppress the statement given to Officer Garcia, as being involuntary, and in finding that the appellant's constitutional rights had not been violated. It is basic that in a criminal case, a defendant is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for truth or falsity of the confession, and even though there is other ample evidence to support the conviction. Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760, and Malinski v. New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029. Once the trial court, as here, properly determined the confession to be voluntary and admitted it into evidence, it was for the jury, upon proper instruction ultimately to determine whether the confession was voluntarily made, whether it was trustworthy, and decide the weight to be given the confession. Our earlier discussion disposes of this point. For an analysis of a free and voluntary confession, see Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, see also, Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Stein v. New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522.

■ Appellant further contends that the trial court erred in refusing to give an instruction requested by him. There was no error in the ruling of the court as the subject matter of the instruction requested was adequately covered by the instruction given by the court. This is so even though the tendered instruction was an accurate statement of the law. See State v. Zarafonetis, 81 N.M. 674, 472 P.2d 388, cert. denied 81 N.M. 669, 472 P.2d 383.

■■ Appellant claims that the use of the Allen Charge, referred to as the "shotgun" charge, given by the trial court was prejudicial error. We do not agree. As far back as Territory v. Donahue, 16 N.M. 17, 113 P. 601, we approved the instruction, and we see no reason to alter our position. In urging prejudicial error in the court's instruction, appellant places great importance on the addition of a sentence to the instruction that absolute certainty is not required of the jury in reaching its

**296**

decision. This was not error. Proof of guilt beyond a reasonable doubt is all that is required, not absolute certainty.

Finally, appellant contends that the court's refusal to grant a mistrial was prejudicial error. Ordinarily the granting of a mistrial is a matter within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. See, State v. Compos, 61 N.M. 392, 301 P.2d 329. We see no abuse of discretion.

The judgment should be affirmed and it is so ordered.

OMAN and MONTOYA, JJ., concur.