521 P.2d 134

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**David SALAZAR, Defendant-Appellant.**

**No. 1259.**

Court of Appeals of New Mexico.

March 20, 1974.

Joseph E. Caldwell, Springer, for defendant-appellant.

David L. Norvell, Atty. Gen., George A. Morrison, Special Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of two burglaries. See § 40A–16–3(B), N.M.S.A. 1953 (2d Repl.Vol. 6). The issues concern: (1) a statute of limitations instruction given and (2) a requested instruction, which was refused, which would have limited jury consideration to the dates charged in the amended indictment.

After amendment, the indictment charged a burglary of Roy's Drive-In on August 19, 1972, and a burglary of Mini-Golf Drive-In on August 24, 1972. Trial testimony, to which no objection was made, was to the effect that more than one burglary had occurred at each of the drive-ins. Roy's had been the victim of a burglary a week before the August 19, 1972 burglary. Mini-Golf had suffered three burglaries in a two to three month period.

The inference from the testimony was that the August 24, 1972 burglary was the second of the three.

The evidence that defendant committed the burglaries on the dates charged is substantial. There is little, if any, evidence that defendant was involved in the prior burglaries at either drive-in. There is an inference that defendant was at Roy's when the third burglary of that drive-in occurred.

*Statute of limitations instruction.*

The trial court instructed the jury as to the "formal charges;" that is, the charges stated in the indictment. It informed the jury that to find defendant guilty, the material allegations of the charges must be proved beyond a reasonable doubt. It then instructed the jury as to the material allegations of each burglary charged.

In stating the material allegations, the jury was informed that each burglary must have been committed within three years prior to the date the indictment was filed. This is the time limitation for prosecution of this offense. Section 40A–1–8, N.M. S.A.1953 (2d Repl.Vol. 6).

Defendant claims the giving of this instruction was error. It was not.

■■ Defendant pled not guilty to the offenses charged. This placed in issue the time limitation for beginning the prosecution. Generally, the time limitation instruction is a necessary part of the instructions. However, in this case, defendant was charged with offenses on dates within the time limitation for prosecution. In addition, the uncontradicted evidence shows the offenses were committed within the time limitation. In this situation, the instruction stating the time limitation was not a required instruction, but giving it was not error. State v. Rodman, 44 N.M. 162, 99 P.2d 711 (1940).

*Refused instruction limiting jury consideration to dates charged.*

The trial court refused defendant's request to instruct the jury that guilt or innocence for each burglary must be deter-

mined on the basis of acts occurring on or about the dates of the two burglaries as charged in the indictment.

Defendant claims that having been charged with burglaries on specific dates, those dates were material allegations of the offenses charged, and that failure of the trial court to instruct as to those material allegations was error.

Defendant's contention was correct prior to the Rules of Criminal Procedure, § 41–23–1 through § 41–23–55, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). Having charged defendant with a detailed statement of facts (the specific dates), the prosecution was limited to establishing the facts so detailed. State v. Crump, 82 N.M. 487, 484 P.2d 329 (1971). Having proceeded against defendant for offenses on specific dates, the instructions should have limited the jury to determining whether defendant committed offenses on those dates. State v. Rodman, supra.

The State contends the holdings in *Crump,* supra, and *Rodman,* supra, have been modified by the Rules of Criminal Procedure. It relies on § 41–23–8(a), supra, which states that the time of the commission of the offense is an unnecessary allegation. (No contention is made that the "date" of the offense is not included within "time of commission of the offense"). Section 41–23–8(b), supra, states that if unnecessary allegations are included in the indictment "such allegations shall be treated as surplusage." Unnecessary allegations which are surplusage may be disregarded. Section 41–23–7(b), supra. The State contends that the specific dates charged were surplusage which the trial court could properly disregard.

■ Under trial court rules existing at the time of the offense in *Rodman,* supra, the time of the offense was an unnecessary allegation which could be treated as surplusage. See §§ 41–6–11 and 41–6–36, N.M.S.A.1953 (2d Repl.Vol. 6). These surplusage provisions have not been substantially changed by the Rules of Criminal Procedure. With no substantial change in

the "surplusage" rules which existed when *Rodman,* supra, was decided, we do not agree that the Rules of Criminal Procedure have modified *Rodman,* supra. This same reasoning applies to the State's efforts to distinguish *Crump,* supra.

*Rodman,* supra, was a prosecution for statutory rape. There was evidence that Rodman had sexual intercourse with the prosecutrix on several occasions. The trial court instructed the jury that Rodman could be found guilty if the sexual intercourse occurred on the date charged, or at any time within three years prior to the filing the information. *Rodman,* supra, held the instruction erroneous because it was a roving commission to find defendant guilty on the basis of acts of sexual intercourse occurring within the time period limiting prosecution in that case. With evidence as to more than one act of intercourse, the instruction was "misleading and prejudicial." The rationale given in *Rodman,* supra, is that the defendant was not being prosecuted for any act other than the one act charged.

*Crump,* supra, states that where a criminal offense is charged generally, and is then followed with a detailed statement of the facts, the prosecution is limited to establishing the facts so detailed. "This is necessarily so, since a defendant in a criminal case is entitled to know with what he is charged and to be tried solely upon the charges against him."

In our opinion, the surplusage provision of the Rules of Criminal Procedure does not cover the situations discussed in *Crump,* supra, and *Rodman,* supra. Section 41–23–8, supra, makes an allegation of time unnecessary unless the allegation is necessary "to give the defendant notice of the crime charged." Whether or not a necessary allegation, the amended indictment gave defendant notice that he was charged with crimes on specific dates. The issue in this appeal is not concerned with allegations in the indictment. The concern is with the charge to the jury.

The trial court refused to instruct that guilt was to be determined on the basis of acts occurring on or about the dates of the two burglaries charged. Since there was evidence of several burglaries, and evidence connecting the defendant to at least one additional burglary for which defendant was not being tried, refusal of the requested instruction was erroneous.

The error is that, under the evidence, the jury was allowed to convict for any burglary of the two drive-ins by defendant which occurred within the time limitation period. This was misleading because defendant was charged only with burglaries occurring on specific dates. State v. Rodman, supra.

For the error in refusing the requested instruction, the judgment and sentence is reversed. The cause is remanded with instructions to grant defendant a new trial.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent.

The majority opinion reversed because the trial court refused defendant's request to instruct the jury as follows:

> You are instructed that you are to consider and find the defendant guilty or innocent of acts which occurred on either the evening of the 18th or early morning of the 19th of August, 1972, on count one of the indictment, and on either the evening of the 23rd or early morning of the 24th of August, 1972, on count two of the indictment, and no others.

To determine reversal, Rule 41(a) and (g) of the Rules of Criminal Procedure are controlling. Section 41–23–41(a)(g), N.M.S.A.1953 (2nd Repl.Vol. 6, 1973 Supp.).

(a) The court must instruct the jury upon all questions of law necessary for guidance in returning a verdict.

\*   \*   \*   \*   \*   \*

(g) Except as provided in paragraph (a) of this rule, for the preservation of error in the charge \* \* \* *in case of failure to instruct on any issue,* a correct written instruction must be tendered before the jury is instructed. [Emphasis added].

The court instructed the jury as to the formal charges alleged in the indictment. This instruction stated in part that defendant was charged with burglary on the 18th day of August, 1972 in the first count and the 24th day of August, 1972 in the second count. It concluded that the burden was on the State to prove every material allegation beyond a reasonable doubt.

This instruction covered the issue tendered by defendant. It was not erroneous to refuse defendant's requested instruction. State v. Cranford, 83 N.M. 294, 491 P.2d 511 (1971).

In State v. Poich, 34 N.M. 423, 431, 282 P. 870, 874 (1929) a similar instruction problem arose. The instruction contained the date of the offense and the limitation period of two years. The court said:

> But the very reason that rendered the instruction unnecessary in this case also makes it nonprejudicial.

In *Poich,* supra, the jury was confused on the date of the offense, but in the instant case, the jury was not confused about the date of the offense. The jury cannot have understood that there could be a conviction of any other offense than those set forth in the indictment.

Furthermore, defendant objected to instruction No. 2 on time limitations which applied to Roy's Drive-In, but did not object to an identical instruction No. 3, which applied to Mini-Golf Drive-In. Since no objection was made to instruction No. 3, defendant's tendered instruction does not raise an issue on the time limitation instruction in count II, which involved burglary of Mini-Golf Drive-In.

Finally, defendant's objections to the instruction given and the instruction refused were not sufficient to alert the mind of the trial court and to preserve the error for review. McBee v. Atchison, Topeka and Santa Fe Railway Co., 80 N.M. 468, 457 P.2d 987 (Ct.App.1969); State v. Compton, 57 N.M. 227, 257 P.2d 915 (1953); State v. Orfanakis, 22 N.M. 107, 159 P. 674 (1916). Compare, State v. Rodman, 44 N.M. 162, 99 P.2d 711 (1940).

The trial court instructed the jury upon all questions of law and on every issue. Instructions are to be considered as a whole in determining whether the jury was improperly instructed. Instructions are sufficient, if considered as a whole, they fairly represent the issues and the applicable law. State v. McFerran, 80 N.M. 622, 459 P.2d 148 (Ct.App.1969).

In State v. Polsky, 82 N.M. 393, 398, 482 P.2d 257, 262 (Ct.App.1971) this court said:

> The responsibility of an appellate court is to review the trial proceedings, consistent with principles of appellate review, for the purpose of making sure the accused had a fair trial, consistent with applicable principles of law and rules of procedure. In making this review, the appellate court must affirm a conviction unless the record reveals a very real possibility of a miscarriage of justice.

The refusal to give defendant's tendered instruction did not reveal "a very real possibility of a miscarriage of justice."

The conviction below should be affirmed.