527 P.2d 1087

**Hattie M. BOULDEN, Plaintiff-Appellant,**

**v.**

**Terry L. BRITTON and Kenneth L. Britton, d/b/a Big Red Tool Company, Defendants-Appellees.**

**No. 1362.**

Court of Appeals of New Mexico.

Sept. 18, 1974.

Rehearing Denied Oct. 2, 1974.

Certiorari Granted Nov. 5, 1974.

William G. Gilstrap, Richard E. Ransom, P. A., Smith, Ransom & Gilstrap Law Offices, Albuquerque, for plaintiff-appellant.

Daniel C. Lill, Farlow & Lill, Albuquerque, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiff appeals from a judgment for defendants based upon the verdict of a jury in a personal injury action arising out of a vehicle collision in 1971. Plaintiff asserts two points for reversal: (1) admission of hospital records; and, (2) pre-accident condition instruction. We affirm as to (1) and reverse on (2).

### Hospital Records

During the course of the trial defendant offered, over plaintiff's objection, Presbyterian Hospital records, through the assistant medical record administrator, concerning three hospital admissions of plaintiff for the years 1962, 1969 and 1971. The assistant administrator testified the records were kept in the usual course of business and that it was the hospital's regular course of business to make such a record. Defendant offered the record for "purely impeachment" purposes. The trial court admitted them subject to plaintiff's right of impeachment. Plaintiff had no question as to their authenticity but only as to their admissibility. Plaintiff did not request a limiting instruction.

The present case involved injuries to plaintiff's back. Plaintiff testified to a previous hospitalization in Presbyterian Hospital under the care of Dr. Johnson. She testified this hospitalization was for a back problem which she characterized as a pulled muscle.

The records are contained in a folder with a "Master Summary Sheet" showing the dates admitted, discharged, and diagnosis. The first entry "5–13–62" to "5–21–62" shows under diagnosis "Herniated nucleus pulposus." The only record in the folder relating to this is a copy of the "Medical Record Face Sheet." This shows plaintiff had an admission diagnosis of "Pos. Slipped Disc" and a final diagnosis of "Herniated nucleus pulposus." There was no indication of what level of the spine the herniation existed. The face sheet was signed by Doctor M. P. Johnson, the admitting physician.

The issue is whether the face sheet of a hospital record which reflects the admitting and the final diagnosis in 1962 was admissible in evidence *for impeachment purposes*.

Plaintiff does not contend that the hospital records contained in the exhibit are not regular business entries. It is plaintiff's position that the face sheet was incompe-

tent evidence because it does not meet all tests of admissibility.

Section 20–2–12, N.M.S.A.1953 (Repl. Vol. 1970) which was in effect at the time of the cause and subsequently repealed by Laws 1973, ch. 223, § 2 states:

" . . . In any court of this state, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of said act, transaction, occurrence, or event, if it shall appear that it was made in the regular course of any business, and that it was the regular course of business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter. *All other circumstances of the making of such writing or record, including legal or personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility.* The term 'business' shall include business, profession, occupation and calling of every kind." [Emphasis added].

This section is almost an exact duplicate of the federal act. See 28 U.S.C. § 1732.

Here the issue is not that the face sheet was being offered for the truth of the matter asserted. It was being offered for "purely impeachment" purposes. The factual predicate for the admission into evidence of the records was established by plaintiff on cross-examination when the following questions were asked and answered in relation to a fall plaintiff had:

"Q And you were hospitalized then with a back injury?

"A Pulled muscle of the back.

"Q You were hospitalized?

"A Yes, sir.

"Q In the Presbyterian Hospital in Albuquerque?

"A Yes, sir.

"Q Who was your doctor then?

"A I believe it was Doctor Johnson."

A hospital record, when properly made in the regular course of business and for which it was the regular course of business for the hospital to make such a record, is admissible. In Re Will of Callaway, 84 N.M. 125, 500 P.2d 410 (1972); Sapp v. Atlas Building Products Company, 62 N.M. 239, 308 P.2d 213 (1957). Once the record has met these requirements other circumstances may be shown to affect its weight, " . . . but they shall not affect its admissibility. . . ." Section 20–2–12, supra. This is the view the trial court took when it stated that these matters *go to the weight of the evidence and not admissibility*. See Thomas v. Hogan, 308 F.2d 355 (4th Cir. 1962); Glawe v. Rulon, 284 F.2d 495 (8th Cir. 1960); Korte v. New York, N. H. & H. R. Co., 191 F.2d 86 (2d Cir. 1951); McCormick on Evidence § 290 (1954).

Further, that the statements are a conclusion (diagnosis) is of no moment. Plaintiff herself testified that she was hospitalized by Dr. Johnson. The record indicates it was for a period of some nine days. Plaintiff stated she was hospitalized for a "[p]ulled muscle of the back." The face sheet states differently. The fact that the record may have been inadmissible for one purpose does not render it inadmissible for another purpose. See Moore v. Mazon Estate, 24 N.M. 666, 175 P. 714 (1918). Plaintiff having established the factual predicate of the hospital admission under Dr. Johnson's care could be impeached by the properly kept business records of the hospital even though the records may not have been admissible for the truth of the matter asserted therein, a point we do not decide.

*Instruction*

Plaintiff's requested instruction on damages was identical to that given by the court (N.M.U.J.I. 14.2) except for an additional paragraph in the elements of damage part which stated:

"(2) *The aggravation of any pre-existing ailment or condition, but you may allow damages only for the aggravation*

*itself, and not for the pre-existing ailment or condition.* A wrongdoer is said to 'take his victim as he finds him,' and the wrongdoer is liable for all harm which follows from an injury negligently caused. This is true where the injured person was suffering at the time of injury from a condition which aggravated the consequences of such injury and made him susceptible to greater damage."
[Emphasized part is N.M.U.J.I. 14.4]. N.M.U.J.I. 14.4 as written was not requested nor was it given.

Plaintiff's objection, to the court's refusal to give the requested instruction with the additional paragraph (2), was as follows:

" . . . Judge, we object to the Court's denial of Plaintiff's Requested Instruction No. 1 as it pertains to Paragraph 2, which we first submitted in its entirety as written and introduced into the record, and as we have alternately submitted it by removing the first three lines of Paragraph 2, which read, 'The aggravation of any pre-existing aliment [sic] or condition, but you may allow damages only for the aggravation itself, and not for the pre-existing ailment or condition.' "

The "Directions for Use" to N.M.U.J.I. 14.4 states:

"When the evidence shows that the plaintiff was suffering from a pre-existing condition and the same has been aggravated as a result of the injury and the extent of the aggravation is proven, then this instruction is proper. This is to be inserted in Instruction UJI 14.2."

■ A party is entitled to have the jury instructed on all correct legal theories of his case which are supported by substantial evidence. LaBarge v. Stewart, 84 N.M. 222, 501 P.2d 666 (Ct.App.1972). N.M.U.J.I. shall be used unless under the facts or circumstances of the case the N.M.U.J.I. would be erroneous or improper. Section 21–1–1(51)(1)(c), N.M.S.A.1953 (Repl.Vol.1970).

Plaintiff contends that the second sentence of her requested instruction is supported by City of Roswell v. Davenport, 14 N.M. 91, 89 P. 256 (1907) which relates to an aggravation of a pre-existing condition. We agree.

■ The first paragraph of N.M.U.J.I. 14.2 deals with damages resulting from the alleged negligence of defendant. The medical evidence is that plaintiff had an abnormality from birth. This abnormality was that three nerves came out of a common sleeve. This abnormality existed at the level where a herniated disc was found during surgery. There is evidence that a normal disc would not have given way under the circumstances of the accident, but because of the abnormality, the collision was the "last straw" which caused the disc to herniate. This is evidence of a condition which aggravated the consequences of plaintiff's injury and made her susceptible to greater damage.

We do not concern ourselves with whether plaintiff was entitled to her original request combining N.M.U.J.I. 14.4 with the holding in *Davenport,* supra. Plaintiff's alternative request was based on the *Davenport* holding, and did not include N.M.U.J.I. 14.4. There is evidence to support this alternative. No instruction was given covering aggravated consequences resulting from a pre-existing abnormality. No argument is made that an instruction contained within N.M.U.J.I. would cover this aspect of damages, and accordingly, has not been considered.

■ Failure to instruct on a theory supported by substantial evidence is reversible error. Stephens v. Dulaney, 78 N.M. 53, 428 P.2d 27 (1967). Plaintiff was entitled to an instruction based on City of Roswell v. Davenport, supra.

Reversed and remanded for a new trial for plaintiff Hattie Boulden.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.