530 P.2d 949
STATE of New Mexico, Plaintiff-Appellee,
v.
John Richard FOSTER,
Defendant-Appellant.
No. 1496.

Court of Appeals of New Mexico.
Dec. 31, 1974.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., David Metz McArthur, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant was convicted of sodomy (Count I) contrary to § 40A–9–6, N.M.S.A. 1953 (2d Repl. Vol. 6, 1972) and attempted sodomy (Count II) contrary to § 40A–9–6, supra and § 40A–28–1, N.M.S.A.1953 (2d Repl. Vol. 6, 1972). He appeals alleging six points for reversal. Two points are dispositive of the appeal, namely, criminal information and specific intent. We reverse the conviction of Count I and reverse and remand for a new trial on Count II.

### I. Criminal Information

Defendant first contends that Count I of the Information is void because it fails to allege a specific date on which the offense

occurred, and the evidence revealed more than one offense. The Information charges that:

"On or about August, 1973, in said County and State, the above named defendant did intentionally take into his mouth the sexual organ of Jerry Earl McNally, contrary to the provisions of Section 40A–9–6 N.M.S.A., 1953."

McNally, a juvenile, testified that an act of fellatio occurred toward the end of August, that a second act of fellatio occurred about a week later and that a third act of fellatio occurred about a month later. McNally's guardian, a witness to the third act, testified in regard to said act.

■ Defendant contends that, in this posture, (A) the date of the offense is an "essential fact" under Rule 5(c) of the Rules of Criminal Procedure, § 41–23–5(c), N.M.S.A.1953 (2d Repl. Vol. 6, 1972, Supp. 1973), not defeated by Rule 8(a)(1) of the Rules of Criminal Procedure, § 41–23–8(a)(1), N.M.S.A.1953 (2d Repl. Vol. 6, 1972, Supp.1973; (B) an allegation of a specific date was necessary to give the defendant notice of the crime charged under Rule 8(a) of the Rules of Criminal Procedure, § 41–23–8(a), supra, and case law; and (C) without an allegation of a specific date of the offense defendant would not be able to plead his conviction as a bar to a future prosecution. Defendant did not raise the foregoing in the trial court. The state, on appeal, does not claim we are without jurisdiction to decide the matter. However, lack of jurisdiction at any stage of the proceeding is a controlling consideration which must be resolved before going further and an appellate court may raise the question of jurisdiction on its own motion. State v. McNeece, 82 N.M. 345, 481 P.2d 707 (Ct.App.1971).

■ Although the trial court may originally have jurisdiction, it may lose that jurisdiction through a denial of rights or privileges guaranteed to an accused by the Constitution. State v. Buchanan, 78 N.M. 588, 435 P.2d 207 (1967). "* * * When certain constitutional guaranties are denied, overlooked, or omitted, the conviction or sentence is not by a 'competent' court. * * *" Orosco v. Cox, 75 N.M. 431, 405 P.2d 668 (1965).

## A

An Information must contain, among other things, a statement of the essential facts of the offense. Section 41–23–5(c), supra. However, it shall be unnecessary for an Information to contain the time of the commission of the offense unless such is necessary to give the defendant notice of the crime charged. Section 41–23–8(a)(1), supra. The state contends that "date" of the offense is included within "time" of the offense and as such is an unnecessary allegation within Rule 8(a)(1), supra. We do not decide whether "date" is so included since in the instant case it was necessary to specify the date of the offense for the reasons outlined in IB, infra.

## B

■ It is necessary for an Information to allege such facts as are necessary to give the defendant notice of the crime charged. Section 41–23–8(a), supra. Every accused has the right to be informed of the crime with which he is charged in sufficient detail to enable him to prepare his defense. State v. Lott, 73 N.M. 280, 387 P.2d 855 (1963); State v. Roy, 40 N.M. 397, 60 P.2d 646 (1936).

■ In the case at bar, the record reflects that defendant did not in fact know which act of sodomy was charged. As a result his defense was prejudiced. Failure to charge the defendant with a specific act or specific acts violates his right to be informed of the charges against him and denies him due process of law. Sixth and Fourteenth Amendments to the United States Constitution. Counsel below seemed to be of the impression that it was the third act for which the defendant was tried. Yet there was testimony that such act occurred in September. If it was the first or second act for which the defendant was tried, then McNally's guardian would

not have been competent to testify with reference to it since it was only the third act he witnessed. In addition, evidence of the other acts may have been inadmissible under Rules of Evidence 404, § 20–4–404, N.M.S.A.1953 (Repl. Vol. 4, 1970, Supp. 1973), if it was only the third act for which defendant was on trial. Defendant still does not know for which act he was convicted.

### C

■ As we decide that the Information for Count I was void for failure to give the defendant notice of the charges against him, we need not reach the issue of collateral estoppel. Accordingly, the defendant's conviction of sodomy is reversed.

### II. Statute of Limitation

The defendant next contends that the giving of the following instruction was error:

"9. The material allegations contained in Count I of the Information which must be proved to your satisfaction and beyond a reasonable doubt by the evidence in this case are:

"A. That JOHN RICHARD FOSTER, also known as DICK FOSTER intentionally took into his mouth the sexual organ of JERRY EARL MC NALLY.

"B. That said offense took place in August, 1973, in Chaves County New Mexico, *or at any other time within 3 years next prior to November 5, 1973,* this being the date the Information was filed in this cause." (Emphasis added)

While defendant did not object to the emphasized words and while we express no view regarding whether the error was fundamental, we reach and decide this issue in order to preclude further error in the event that prosecution of the defendant is reinitiated.

■ Although it is not error to instruct the jury that it must find that the crime occurred within the applicable statute of limitations, State v. Salazar, 86 N. M. 172, 521 P.2d 134 (Ct.App.1974), it is error not to limit the jury's consideration to the date charged in the Information. State v. Salazar, supra. The defendant was charged with one act of sodomy. The evidence showed three acts of sodomy within three years of November 5, 1973. The use of the disjunctive in the instruction allowed the jury to convict the defendant of any of the acts shown by the evidence. It effectively allowed the jury to convict the defendant of a crime for which he was not charged and as such, it was error to so instruct. State v. Rodman, 44 N.M. 162, 99 P.2d 711 (1940).

### III. Specific Intent

■ Defendant next contends that the trial court failed to instruct the jury regarding the specific intent required for the crime of attempted sodomy. There was no tender of a proper instruction regarding specific intent. However, the failure to instruct on an essential element of an offense is jurisdictional and may be raised for the first time on appeal. State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973).

### A

■ The crime of attempted sodomy is a specific intent crime. Section 40A–28–1, N.M.S.A.1953 (2d Repl. Vol. 6, 1972) states that:

"* * * [An] [a]ttempt to commit a felony consists of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission."

In State v. Grayson, 50 N.M. 147, 172 P.2d 1019 (1946), the Supreme Court in discussing the crime of attempted murder, stated, that, "[t]he specific intent to murder is the gist of the crime." In analogous cases, the language, "with intent to," has been held to be the benchmark of a crime containing the essential element of specific intent. State v. Ortega, 79 N.M. 707, 448 P.2d 813 (Ct.App.1968), (burglary); State v. Tucker, 86 N.M. 553, 525 P.2d 913 (Ct.

App.1974), (possession with intent to distribute a controlled substance).

## B

The trial court instructed the jury that in order to find the defendant guilty of Count I, it had to find that he intentionally took into his mouth the sexual organ of Jerry McNally. The only other mention of intent was in an instruction which generally dealt with the definition of intent and its manner of proof. Nowhere in any of the instructions is there mention of intent relevant to Count II. The court instructed that the material allegations of Count II were that:

"A. That JOHN RICHARD FOSTER, also known as DICK FOSTER did attempt to place his sexual organ in the anus of JERRY EARL MC NALLY.
"B. That said offense took place on the 21st day of October, 1973 * * *."

As it is reversible error to fail to instruct regarding an essential element of the offense and as, even reading the instructions as a whole as required by State v. Gunzelman, supra, there were no instructions regarding the element of specific intent required for Count II, the conviction for attempted sodomy is reversed and remanded for a new trial.

### IV. Hearsay

It was defendant's theory of the case that he was the victim of extortion and that the instant charges arose out of his failure to accede to the demands on him. In connection with this, defendant tendered the testimony of the attorney, Norwood. In the offer of proof, Norwood testified that the defendant had contacted him for assistance on October 3, 1973 and had told him that a boy was trying to blackmail him in that if the defendant did not accede to the boy's demands, the boy was going to tell the police that the defendant had sexually assaulted him. The boy was identified as McNally. The state objected to the testimony on grounds of hearsay. The tender was refused and it is now asserted that such refusal was error. We reach and decide this question for the same reason as that stated under "Statute of Limitation."

It should be first noted that the October 3 date was after the alleged acts of sodomy but before the alleged act of attempted sodomy. It should also be noted that the October 3 date was prior to either the complaint being filed or the arrest on any of the charges in this case.

Hearsay is defined by our Rules of Evidence as " * * * a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth or the matter asserted." Rule 801(c), § 20-4-801(c) N.M.S.A.1953 (Repl. Vol. 4, 1970, Supp. 1973). Defendant contends that the statements at issue, Norwood's testimony of what the defendant-declarant said, is not hearsay because it is offered not to establish the truth of the matter asserted (i. e. that there was actually a blackmail attempt), but only to establish that the statements were made on a particular date. If the mere fact that the statements were made on a particular date is relevant, then they are not hearsay. State v. Aragon, 85 N.M. 401, 512 P.2d 974 (Ct.App.1973).

The state had elicited from the witness, McNally as part of its case in chief that the defendant had made him offers of certain gifts after the charges were brought for the purpose of encouraging McNally to drop the charges. The Norwood testimony was relevant to show that the blackmail defense was not of recent fabrication; that true or not, it was asserted prior to any knowledge of charges being brought. The fact that the Norwood testimony may have been inadmissible for one purpose (to establish the truth of the blackmail defense) does not render it inadmissible for another purpose (to rebut the implied charge of recent fabrication). Boulden v. Britton, 86 N.M. 775, 527 P.2d

1087 (Ct.App.1974); See Moore v. Mazon Estate, 24 N.M. 666, 175 P. 714 (1918). The prosecution could have requested a limiting instruction. Rule 106, Rules of Evidence, § 20–4–106, N.M.S.A.1953 (Repl. Vol. 4, 1970, Supp.1973). The testimony should have been admitted.

The conviction on Count I is reversed and the conviction on Count II is reversed and remanded for a new trial.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., concurring in part and dissenting in part.

SUTIN, Judge (concurring in part and dissenting in part).

I concur in the reversal. I dissent on the granting of a new trial. The Sodomy Statute is unconstitutional and defendant should be discharged. State v. Armstrong, 85 N.M. 234, 511 P.2d 560 (Ct.App.1973) (dissenting opinion); State v. Trejo, 83 N.M. 511 494 P.2d 173 (Ct.App.1972) (dissenting opinion).