503 P.2d 848

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Bernadette Vastadore SHIELDS, Defendant and Appellant.**

No. 12880.

Supreme Court of Utah.

Nov. 29, 1972.

---

8. Also see Seltzer v. Sterling Township, 371 Mich. 214, 123 N.W.2d 722 (1963).

406·

Athay & Stansfield, Robert J. Stansfield, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, David R. Irvine, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

CALLISTER, Chief Justice:

Defendant was convicted by a jury of grand larceny and was sentenced to an indeterminate term, as provided by law, in the state prison. On appeal, she contends that the trial court erred in denying her motion to suppress evidence seized from the automobile in which she was riding at the time of her apprehension.

During the morning hours, a sum of money in excess of $500 was removed from a cash drawer behind a counter in a department store in Fillmore, Utah. While the money had been left unattended by the store manager, a woman was observed in the vicinity of the counter. A witness described her as having dark hair and a dark

complexion and as wearing a red skirt, white blouse, and red shoes. This description was relayed to the police in adjoining towns. A policeman in Parowan, Utah observed a woman resembling the description, crossing a street to an automobile. The policeman verified the description and proceeded to stop the vehicle and place the woman and her child, who was also observed at the scene of the crime, under arrest. The automobile was being driven by a man, who followed with the occupants to the police station. where the suspects were incarcerated. Since the man was not mentioned in the bulletin, the police permitted him to leave. Subsequently, the authorities in Fillmore requested that the man also be detained. The police arrested him at a local cafe; his vehicle was parked and locked on the street in front of the restaurant. His vehicle was driven by the police to the station where it was searched. In the glove compartment the police found $527 in cash in denominations similar to those removed from the cash drawer. This money was the subject of the motion to suppress and subsequent to the court's ruling was introduced in evidence at the trial, where defendant again made a timely objection to its introduction into evidence.

On appeal, defendant urges that this money was the fruit of an unlawful search and seizure and was therefore inadmissible at trial. Defendant argues that all per-sons associated with the vehicle were incarcerated in the Parowan Jail at the time the officers took the custody and control of the vehicle and drove it to the police parking lot and searched it. Defendant claims that this warrantless search cannot be considered as being incident to an arrest for it was remote both in time and geographical proximity to the site of the arrest. Defendant contends that at the time that the search was conducted there were no longer any exigent circumstances; and, therefore, it was practicable to obtain a search warrant and the failure to do so made the evidence inadmissible at trial.

█ The instant case is controlled by the principles cited in Chambers v. Maroney [1] wherein the court held the evidence admissible, which was seized from the automobile in which the accused was riding at the time of his arrest, after the vehicle was taken to the police station and was thoroughly searched without a warrant. The court acknowledged the general principle that once the accused is under arrest and in custody, then a search made at another place without a warrant is simply not incident to the arrest. However, there is an alternative ground for a search, namely, where the police have probable cause to believe the suspects are carrying in a vehicle weapons and the fruits of the crime from the scene of the

1. 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

crime for which the suspects are being arrested. The court further observed that in terms of the circumstances, justifying a warrantless search, it has distinguished between an automobile and a home or office. The court explained that a search of a vehicle on probable cause proceeds on a theory wholly different from that justifying a search incident to an arrest. The right to search and the validity of a seizure are not dependent on the right to arrest but are dependent on the reasonable cause the seizing officer has for the belief that the contents of the automobile offend against the law.

■ The court stated that in dealing with a search incident to an arrest, the mobility of a car may make the search of a car without a warrant reasonable, although the result might be the opposite in a search of a home, store, or other fixed piece of property. In exigent circumstances, the judgment of a police officer as to probable cause will serve as sufficient authorization for a search, i. e., a search warrant is unnecessary where there is probable cause to search an automobile stopped on the highway, for the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained. Hence, an immediate search is constitutionally permissible.

The court stated that for constitutional purposes, there is no difference between seizing and holding a car before presenting the probable cause issue to a magistrate and carrying out an immediate search without a warrant. Given probable cause, either course is reasonable under the Fourth Amendment. The court concluded that where a vehicle may be searched on the spot when it is stopped because there is probable cause to search and the vehicle is a fleeting target for a search, the probable-cause factor still obtains at the station house.

■ In the instant case, the facts adduced indicate circumstances, which would have justified the police in making a legal contemporaneous search at the time of the arrest for the fruits of the crime; therefore, the police had the constitutionally permissible alternative to seize the car and take it to the police station and search it there.[2] The judgment of the trial court is affirmed.

TUCKETT, ELLETT, HENRIOD, and CROCKETT, JJ., concur.

2. State v. Richards, 26 Utah 2d 318, 321, 489 P.2d 422 (1971).