519 P.2d 244

STATE of Utah, Plaintiff and Respondent,

v.

David FARNSWORTH, Defendant and Appellant.

No. 13299.

Supreme Court of Utah.

Jan. 31, 1974.

William D. Marsh, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., M. Reid Russell and Earl F. Dorius, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant David Farnsworth was convicted of burglary in the second degree and grand larceny of the Ben Lomond An-

imal Hospital in Ogden. He appeals charging denial of his rights as to a speedy trial; being placed twice in jeopardy; and error in admitting improperly obtained evidence.

On June 15, 1972, on an informant's tip that the defendant had burglarized Strebel's Taxidermists in Ogden, the police obtained a warrant to search defendant's home and automobile. They did not immediately effect a search, choosing instead to keep the defendant under surveillance for a few days. On June 19, the complaint was filed against defendant for the Strebel's burglary. The officers went to defendant's home where, after being admitted by his mother, they conducted a search of both the home and defendant's automobile which was parked in the driveway on adjoining property. In the car they found a small plastic box which contained a white powder. Based on this discovery, they filed a complaint charging defendant with possession of a controlled substance (amphetamines). They went to the defendant's sister's home in Roy, Utah, and arrested the defendant. Upon looking through the house, they found Mickey Archuleta, a minor, who had escaped from the State Industrial School. Archuleta had in his possession items which had been taken from Strebel's Taxidermists.

The next day, the Utah State Board of Pardons issued a warrant for the defendant for violation of his parole. A few days thereafter the laboratory report failed to confirm that the white powder above referred to was the suspected drug; and that charge was dismissed. Defendant was not, however, released from custody, but remained in jail under the Board of Pardons' warrant.

Another complaint was filed charging the defendant with burglarizing the Adult Probation and Parole Department office in Ogden. Thereafter, on June 27th, defendant filed a written request for disposition of all charges within 90 days, relying on Sec. 77–65–1, U.C.A.1953.

Both of the cases above referred to: the one charging the defendant with burglary of the Adult Probation and Parole Department office, and the other of Strebel's terminated favorably to him. The first on a motion to dismiss for insufficient evidence, the second in a verdict of not guilty. However, on October 12th, the same day that the first case was dismissed, the State filed the complaint in this case, charging defendant with still another burglary, and with grand larceny, upon the Ben Lomond Animal Hospital. Defendant was brought to trial on December 13, 1972, and was found guilty by a jury on both charges, from which convictions he prosecutes this appeal.

The defendant of course has no basis upon which to complain of being denied a speedy trial on the charges upon

which he was not convicted. His argument seems to be that after he files a demand, the statute requires that any accusation against him whatsoever, whether he had been charged with the crime or not, must be disposed of within the 90 days. What the statute says is that whenever during the term of imprisonment there is pending "any untried indictment, information or complaint against the prisoner, he shall be brought to trial within ninety days" after request for disposition. This statute plainly does not apply to any unfiled charge.[1] If it did so, it would simply have the effect of giving a prisoner a 90-day statute of limitations upon any crime, discovered or undiscovered, that he may have committed. The statute indicates no such intent and his contention is without merit.

■ Apart from the statute, with respect to the defendant's constitutional right to a speedy trial: Inasmuch as the time which elapsed from the filing of the complaint on these felonies on October 12th until the trial and disposition in the district court was only 60 days, we do not see that there was any such delay that the defendant was deprived of that constitutional assurance.

■ The defendant also makes a somewhat novel argument on his contention of twice in jeopardy: that is, that inasmuch as the burglaries referred to were a series of burglaries; and that in each case the State relied primarily upon the testimony of Mickey Archuleta, that he having been acquitted on the two prior charges, the State should be precluded from prosecuting the instant one. That the argument falls of its own weight is evident from the mere statement of the proposition. The protection against twice in jeopardy refers only to the same crime, and not to separate crimes, whether in a series or not, and without regard to how closely related they may be.[2]

■ In regard to defendant's claim of error in admitting evidence found in searching his automobile: the constitutional protections are against an "unreasonable" search,[3] that is, one which is without adequate justification and would constitute some offensive intrusion upon a person's sense of peace, dignity and security, in respect to his person, property or effects. In State v. Richards,[4] this court quoted the following with approval:

The question to be answered is whether under the circumstances the search or

---

1. This case is thus different from State v. Clark, 28 Utah 2d 272, 501 P.2d 274, and State v. Belcher, 25 Utah 2d 37, 475 P.2d 60.

2. See State v. Thatcher, 108 Utah 63, 157 P. 2d 258.

3. Utah Const. Art. I, Sec. 14, U.S.Const. Amdt. IV.

4. 26 Utah 2d 318, 489 P.2d 422.

seizure is one which fair-minded persons, knowing the facts, and giving due consideration to the rights and interests of the public, as well as to those of the suspect, would judge to be an unreasonable or oppressive intrusion against the latter's rights. . . . .

 It is not to be doubted that when an accused is under arrest and in custody, a search made elsewhere would not ordinarily be justified as incident to the arrest. However, this does not settle the problem confronted here. In regard thereto it is to be had in mind that, for obvious reasons, the search of an automobile is permitted more liberally than a home or other stationary structure.[5] It is true that at the trial the court stated that the search warrant was invalid. But he arrived at that conclusion because he thought the affidavit did not state sufficient facts to justify its issuance. Nevertheless, the officers had a warrant, valid on its face, which included defendant's automobile. Moreover, under the facts known to them, including information concerning the defendant's complicity in the crimes under investigation, we think the trial court was justified in rejecting the contention of unreasonable search and in admitting the evidence. Moreover, making that determination is his prerogative and we do not disturb it on appeal unless it clearly appears that he was in error.

Affirmed. No costs awarded.

CALLISTER, C. J., and ELLETT, HENRIOD and TUCKETT, JJ., concur.

---

5. State v. Shields, 28 Utah 2d 405, 503 P.2d 848.