[No. 6931–1. Division One. December 17, 1979.]

The State of Washington, *Respondent,* v. James Allen Vickers, *Appellant.*

*Steven H. Childress,* for appellant (appointed counsel for appeal).

*David S. McEachran, Prosecuting Attorney,* and *James M. Doran, Deputy,* for respondent.

RINGOLD, J.—James Allen Vickers appeals the judgment and sentence imposed after a bench trial finding him guilty of taking and riding a motor vehicle without permission of the owner. The sole issue presented is whether the trial court erred in admitting into evidence inculpatory statements by Vickers obtained from him in Canada by a Canadian police officer.

The trial court did not err and we affirm.

On July 5, 1978, Constable Ogden of the Royal Canadian Mounted Police received a radio message that an individual named Vickers wanted to speak to someone about a stolen car. Ogden then met Vickers, and asked if he wished to speak with him about a stolen car. Vickers, seated on the hood of a red and black Cougar, responded, "Yes, this one." Ogden inquired, "Who stole it?" Vickers answered, "I did, last night." Ogden then placed Vickers under arrest and informed him that he was not obliged to say anything and that anything he should say could be given in evidence. Ogden questioned Vickers at police headquarters and Vickers responded with further inculpatory statements, Vickers was rewarned in the same manner as before, and then gave a detailed written statement.

At the CrR 3.5 hearing the trial court took under advisement the question whether Vickers' custodial statements

should be suppressed on the basis that the Canadian warnings do not comport with the *Miranda*[1] requirements and ruled at the beginning of the trial that the statements would be admitted. No findings and conclusions regarding voluntariness were entered.

 While the question has not been decided by a Washington court, the prevailing view is that the products of a foreign police interrogation may be admissible without strict observance of the *Miranda* warnings. *United States v. Chavarria*, 443 F.2d 904 (9th Cir. 1971); *State v. Cranford*, 83 N.M. 294, 491 P.2d 511 (1971); *State v. Ford*, 108 Ariz. 404, 499 P.2d 699 (1972). One of the chief aims of the *Miranda* exclusionary rule is to deter police misconduct; where the police are of a different sovereign, no such deterrent effect would result from application of the exclusionary rule. *United States v. Chavarria, supra* at 906. We, therefore, hold that failure of the Canadian officer to give warnings satisfying *Miranda* does not as a matter of law make Vickers' statements inadmissible.

 The mandate of CrR 3.5 that written findings and conclusions be entered was not observed, nor did either party request entry of such findings. Failure to request findings has been held to constitute implied waiver of the requirement. *State v. Moore,* 7 Wn. App. 1, 6, 499 P.2d 16 (1972); *State v. Shelby,* 69 Wn.2d 295, 418 P.2d 246 (1966). Whether the statements were voluntary, not whether findings as to voluntariness were made, determines the statements' admissibility. *State v. Shelby, supra* at 301. In the course of the bench trial the judge indicated that he had previously heard Constable Ogden give his testimony and that it would be appropriate to transcribe the testimony given at the CrR 3.5 hearing and incorporate it into the

---

[1]*Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

record. Objections were then made by Vickers' counsel to the admissibility of the written statement, the subject matter of the motion to suppress, on the ground that it did not satisfy the requirements under *Miranda*. The judge then stated that he understood the objection. Vickers' attorney stated: "Well, your Honor, I believe the cases here in the state of Washington establish a threshold on the *Miranda* that you don't address the issue of voluntariness until *Miranda* has been satisfied." The judge responded: "Very well, I have considered it fully and I've thought about it since, and it's going to stand. My ruling isn't going to change in that regard, so Mr. Doran, why don't you ask the Officer a couple of questions and complete the record by having the statements admitted; . . ." We conclude that the trial court found the statements to have been voluntarily made. Substantial evidence supports the court's oral finding.

Further, when CrR 3.5 has not been observed the appellate court may examine the record and make its own determination of voluntariness. *State v. Mustain,* 21 Wn. App. 39, 42–43, 584 P.2d 405 (1979). In determining voluntariness the crucial inquiry is "whether the confession was 'free and voluntary: that is, [it] must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. . . .'" *Malloy v. Hogan,* 378 U.S. 1, 7, 12 L. Ed. 2d 653, 84 S. Ct. 1489 (1946). In this case Vickers himself initiated contact with the Canadian police; he cooperated in every way conceivable with Constable Ogden in his investigation of the theft. The record is barren of any evidence tending to show threats or violence, direct or implied promises, or the exertion of any improper influence. We conclude that Vickers' statements were wholly voluntary and that the trial court properly admitted them into evidence.

We affirm.

CALLOW, C.J., and WILLIAMS, J., concur.