**STATE of Utah, Plaintiff and Respondent,**

v.

**Robert Steven SMITH, Defendant and Appellant.**

**No. 19053.**

Supreme Court of Utah.

March 13, 1985.

---

1.  U.C.A., 1953, § 78–45a–1, *et seq.*

Thomas McCormick, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Roger Blaylock, Salt Lake City, for plaintiff and respondent.

**PER CURIAM:**

The defendant was convicted of the crimes of attempted burglary and robbery which he committed while he was on a work release program from the Utah State Prison. He argues on appeal that the conviction should be reversed because he was denied a speedy trial. The information was not filed until eleven months after he was reincarcerated for violating parole. We affirm.

The defendant, Robert Steven Smith, had been committed to the Utah State Prison and subsequently transferred to a half-way house on work release status. On October 15, 1981, the police arrested the defendant for being in violation of his half-way house status because he was at a location not related to his work release, he was with people he was not supposed to be with, and it was suspected that he was involved in a conspiracy to commit a robbery.

From October 1981 to March or April 1982, the police sought evidence to corroborate the statements of witnesses to the attempted robbery. Defendant's case was investigated along with some others involving a related group of perpetrators, against whom the county attorney intended to file charges at the same time. The defendant filed a demand for disposition of detainer in late October, 1981. *See* U.C.A., 1953, section 77–29–1. Investigation of the cases continued after March or April, 1982, but no new evidence related to defendant's case was obtained.

In July 1982, the county attorney prepared an information charging the defendant with attempted robbery and burglary. Since he planned to go on vacation from August 20 through September 6, 1982, the county attorney did not file the information until September 7, 1982, to avoid having other prosecutors unfamiliar with the case handle the preliminary hearing. The defendant argues that the eleven-month delay from arrest to trial violated his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." In *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Supreme Court held that the "speedy trial provision has no application until the putative defendant in some way becomes an 'accused.'" *Id.* at 313, 92 S.Ct. at 459. In that case, the defendants were indicted in 1970 for acts occurring between 1965 and 1966. They argued that the pre-accusation delay between the last alleged criminal act and the indictment violated their Sixth Amendment right. The United States Supreme Court rejected the contention, stating that "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of Sixth Amendment." *Id.* at 320, 92 S.Ct. at 463. The Court reasoned that until either indictment or arrest occurs, "a citizen suffers no restraints on his liberty and is not the subject of public accusations; his situation does not compare with that of a defendant who has been arrested and held to answer." *Id.* at 321, 92 S.Ct. at 463.

■ In this case, the defendant was arrested in October 1981 for violation of his work release status and conspiracy to commit robbery. His subsequent imprisonment was not for the purpose of insuring his appearance at the trial for the robbery and attempted burglary charges. Rather, the reincarceration was for his violation of the conditions of parole. Since his imprisonment was for a parole violation, his speedy trial right did not attach at the time of his reincarceration. *Cf. State v. Dudley*, Me., 433 A.2d 711 (1981) (time served for probation violation not counted in speedy trial analysis); *Mackey v. State*, 279 Ark. 307, 651 S.W.2d 82 (1983) and *State v. Ogden*, 21 Wash.App. 44, 584 P.2d 957 (1978) (time served for parole violation not counted for purposes of speedy trial statute); *United States v. Clardy*, 540 F.2d 439 (9th Cir.1976) and *United States v. Duke*, 527 F.2d 386 (5th Cir.1976) (adminis-

trative segregation within prison does not amount to arrest for Sixth Amendment purposes).

The defendant also argues that his right to due process was violated by the prosecutor's failure to file the charges promptly. He relies on *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) which addressed the relationship between the Due Process Clause of the Fifth Amendment and the Speedy Trial Clause of the Sixth Amendment when the prosecutor delays filing charges of criminal conduct. The Court held that when a prosecutor delays filing an indictment, the delay does not constitute a violation of due process unless there is a showing that the prosecutor's delay "violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define 'the community's sense of fair play and decency.'" *Id.* at 790, 97 S.Ct. 2048 (citations omitted). "[P]rosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt." *Id.* at 791, 97 S.Ct. at 2049.

■ A hard and fast rule that a prosecutor must file charges as soon as he has probable cause could result in the charging of innocent persons. Such a rule could also result in the acquittal of guilty persons by hampering the investigation of crimes. Therefore, a prosecutor is not required to file charges as soon as probable cause exists but before the prosecutor is reasonably satisfied that he will be able to establish the supsect's guilt beyond a reasonable doubt. *Id.* For preaccusation delay to constitute reversible error, the delay must cause actual prejudice to the defendant's case and result in a tactical advantage for the prosecutor. *See United States v. Revada*, 574 F.2d 1047, 1048 (10th Cir.1978).

■ In this case, the trial court found that from October 1981 to March or April, 1982, the police were engaged in gathering corroborative evidence. Although the defendant disputes this finding, he cites no

contrary evidence and we are therefore compelled to accept it. The trial court ruled that there was no valid reason for the prosecutor's failure to file charges from March or April to September, except for the one month during which the prosecutor was on vacation. We do not agree that the vacation time of a prosecutor in a multiple prosecution office is a valid excuse for failing to file charges. Nevertheless, the court found, and the defendant does not dispute, that the prosecutor obtained no tactical advantage over the defendant because of the delay or prejudiced defendant by allowing the evidence to become prejudically stale. On the circumstances of this case we hold that the delay did not violate the defendant's right to a reasonably prompt filing of the charges against him.

Affirmed.