The STATE of Utah, Plaintiff and Respondent,

v.

Ronald Lynn VILES, Defendant and Appellant.

No. 20271.

Supreme Court of Utah.

July 2, 1985.

Milton T. Harman, Nephi, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from the judgment on a jury verdict convicting him of escape from the state prison, a second degree felony in violation of U.C.A., 1953, § 76–8–309(1) and § 76–8–309(2)(b) (1978 ed.), and theft of a vehicle, a second degree felony in violation of U.C.A., 1953, § 76–6–404 and § 76–6–412(1)(a)(ii) (1978 ed.). We affirm.

Defendant was a prisoner of the Utah State Prison housed at the Millard County Jail for work release from that facility when he escaped in a stolen vehicle. He was recaptured and returned to the county jail on April 22, 1984. Throughout the following month his attorney filed a notice of appearance, made request for discovery, and filed motions to reduce charge and sever counts. On May 30, 1984, defendant delivered his "notice and request for dispo-

sition of pending charges" to the Utah State Prison. On June 30, he filed his motion to dismiss the action for failure to prosecute in a timely manner. The motion was denied. Trial was held on September 20.

The single issue before this court is based upon defendant's claim that he was denied his constitutional right to a speedy trial. Defendant maintains that the notice of appearance filed on April 24, 1984, constituted notice provided for in section 77–29–1 of the Code of Criminal Procedure and that his trial was not held until 150 days from the filing of that notice.

U.C.A., 1953, § 77–29–1 (1978 ed.) reads:

(1) Whenever a prisoner is serving a term of imprisonment in the state prison, jail or other penal or correctional institution of this state, and there is pending against the prisoner in this state any untried indictment or information, and the prisoner shall deliver to the warden, sheriff or custodial officer in authority, or any appropriate agent of the same, a written demand specifying the nature of the charge and the court wherein it is pending and requesting disposition of the pending charge, he shall be entitled to have the charge brought to trial within 120 days of the date of delivery of written notice.

The purpose of the statute is to protect the constitutional right of prisoners to a speedy trial and to compel law enforcement authorities to promptly prosecute charges against prisoners. *State v. Velasquez*, Utah, 641 P.2d 115 (1982); *State v. Wilson*, 22 Utah 2d 361, 453 P.2d 158 (1969) (stating the same purpose under former statute). This statutory scheme represents a legislative expression of the time limits that constitute a speedy public trial under the Utah Constitution. *State v. Taylor*, Utah, 538 P.2d 310 (1975), and the 120 day period commences to run from the date of delivery of the written notice. Section 77–29–1, *supra*.

Defendant's reliance on his notice of appearance to commence the running of

the 120-day period is misplaced. The notice merely contained a plea of "not guilty" and a request that defendant be granted a trial upon the charge. It did not comport with the requirements of the statute, as it was not delivered to the warden at the state prison and did not specify the nature of the charge or the court where the charge was pending. Section 77–29–1 places the burden on the prisoner to give notice to the warden before he is entitled to have the charge disposed of within the statutory period of time. That was done on May 30, 1984. His trial was held 112 days later on September 20 and was well within the time set to guarantee him a speedy public trial.

Affirmed.

STEWART, J., concurs in the result.