STATE of Utah, Plaintiff and Respondent,

v.

Richard Lynn WRIGHT, Defendant and Appellant.

No. 20746.

Supreme Court of Utah.

June 9, 1987.

Rehearing Denied Nov. 30, 1987.

David L. Wilkinson, Earl F. Dorius, Salt Lake City, for plaintiff and respondent.

Bernard L. Allen, Ogden, for defendant and appellant.

DURHAM, Justice:

Defendant Richard Lynn Wright appeals from a decision convicting him of two counts of aggravated robbery. Defendant challenges his conviction, arguing that (1) he was not given a speedy trial, (2) the statute of limitations had run, (3) the county attorney did not comply with Utah Code Ann. § 77–29–1(1) (1953) by prosecuting defendant within the 120–day period set forth in that statute, and (4) the trial court improperly admitted a confession made by defendant to Canadian police officers. We find no error.

On September 8, 1976, a man driving an orange Corvette owned by defendant robbed two Weber County deputy sheriffs of their service revolvers.[1]

Late in September 1976, Canadian police officers in British Columbia arrested defendant. He was driving an orange Corvette and had in his possession the service revolvers stolen from the Weber County deputies. Defendant tried to shoot one of the arresting officers and refused to cooperate during booking. He refused to be fingerprinted and signed his booking document "John F. Kennedy." Defendant was forcibly fingerprinted, "kneed" in the stomach by the officer at whom he had shot, and placed in a holding cell. The next day, defendant confessed to the Weber County robbery.

Defendant was convicted of unrelated offenses and sentenced to twenty years in a Canadian penitentiary. He was transferred to a federal prison in Illinois in October 1978, pursuant to a prisoner exchange program. He was sent to California in September 1979 to face charges there and then returned to the Illinois prison, from which he was transferred to Utah in July 1979, pursuant to a state-federal prisoner exchange. On August 31, 1983, defendant's federal probation officer wrote a letter to the county attorney inquiring about pending charges; the character of the letter is disputed and will be discussed later in this opinion. Defendant was arraigned on the robbery charge on January 18, 1985, and tried in June 1985.

Defendant contends that the long delay between the crime and his trial violated his sixth amendment[2] right to a speedy trial; he does not assert that the 6–month delay between the filing of the informations and his trial in any way violated his rights. He misconstrues when the speedy trial guarantee of the sixth amendment attaches.

In *State v. Smith,* 699 P.2d 711 (Utah 1985), we rejected the defendant's claim that his right to a speedy trial had been violated. We stated:

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." In *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Supreme Court held that the "speedy trial provision has no application until the putative defendant in some way becomes an 'accused.'" *Id.* at 313, 92 S.Ct. at 459. In that case, the defendants were indicted in 1970 for acts occurring between 1965 and 1966. They argued that the preaccusation delay between the last alleged criminal act and the indictment violated their Sixth Amendment right. The United States Supreme Court rejected the contention, stating that "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding

---

1. Another individual was charged shortly after the crime, but those charges were dismissed at an early stage.

2. Defendant claims no violation of the right to a speedy trial granted him by article I, § 12 of the Utah Constitution. *See Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) (14th amendment incorporates speedy trial guarantee).

to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *Id.* at 320, 92 S.Ct. at 463. The Court reasoned that until either indictment or arrest occurs, "a citizen suffers no restraints on his liberty and is not the subject of public accusations; his situation does not compare with that of a defendant who has been arrested and held to answer." *Id.* at 321, 92 S.Ct. at 463.

*Id.* at 713. *See United States v. MacDonald,* 456 U.S. 1, 7, 102 S.Ct. 1497, 1501,. 71 L.Ed.2d 696 (1982) (no sixth amendment right to a speedy trial arises until charges are pending).

 An undue delay before charges are filed against a defendant may constitute a violation of the due process clause of the fifth amendment. *Id.* at 7, 102 S.Ct. at 1501; *United States v. Lavasco,* 431 U.S. 783, 790, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977). In this case, defendant makes no due process claim. We note that in order to constitute a due process violation, preaccusation delay must cause "actual prejudice to the defendant's case and result in tactical advantage for the prosecutor." *State v. Smith,* 699 P.2d at 713; *see also State v. Bailey,* 712 P.2d 281, 283 (Utah 1985). Defendant has not alleged, and the facts do not suggest, that the prosecution delayed the filing of charges against him in order to achieve a tactical advantage.[3]

 We turn next to defendant's claim that the 4-year statute of limitations contained in Utah Code Ann. § 76-1-302(1)(a) (Supp.1986) barred defendant's prosecution. Defendant asks us to ignore Utah Code Ann. § 76-1-304 (1953), which provides: "The period of limitation does not run against any defendant during any period of time he is out of the state following the commission of an offense." That section, which we find no reason to ignore, clearly disposes of defendant's assertion.

We next consider defendant's claim that the prosecutor failed to comply with Utah Code Ann. § 77-29-1 (1953), which provides:

(1) Whenever a prisoner is serving a term of imprisonment in the state prison, jail or other penal or correctional institution of this state, and there is pending against the prisoner in this state any untried indictment or information, and the prisoner shall deliver to the warden, sheriff or custodial officer in authority, or any appropriate agent of the same, a written demand specifying the nature of the charge and the court wherein it is pending and requesting disposition of the pending charge, he shall be entitled to have the charge brought to trial within 120 days of the date of delivery of written notice.

. . . .

(4) In the event the charge is not brought to trial within 120 days, or within such continuance as has been granted, and defendant or his counsel moves to dismiss the action, the court shall review the proceeding. If the court finds that the failure of the prosecuting attorney to have the matter heard within the time required is not supported by good cause, whether a previous motion for continuance was made or not, the court shall order the matter dismissed with prejudice.

Defendant claims that his federal probation officer wrote a letter to the Weber County attorney on defendant's behalf, specifying the nature of the charges pending against defendant, identifying the courts in which the charges were pending, and requesting disposition of the charges against him, thus satisfying the requirements of section 77-29-1. We have reviewed the document to which defendant refers and agree with the trial judge's comment that the document could not possibly be construed as a request for disposition.

 Defendant has significantly mischaracterized the document. The letter

---

**3.** Defendant offered no admissible evidence demonstrating that he was prejudiced. Acting in his capacity as *pro se* counsel, he alleged that his alibi witness had died or become incompe-

tent. However, defendant was not sworn when he made the statements, which were unsubstantiated by other proof. *See* Utah R.Evid. 801.

was sent to the county attorney,[4] not to the warden, the sheriff, or a custodial officer in authority, and thus does not comply with the statute. *See State v. Viles,* 702 P.2d 1175, 1176 (Utah 1985) (120–day period commenced when defendant gave notice to the warden, not when his attorney filed a notice of appearance). Further, the letter does not specify the charges or state where they are pending; rather, the letter states in part, "[W]e are attempting to determine which jurisdiction in the United States maintains an interest in prosecuting [defendant]. It would be most appreciated if you could advise the undersigned regarding Weber County's intentions with respect to a prosecution of [defendant]." This is merely an inquiry, not a demand, and does not specify the charges, as required by section 77–29–1(1). Indeed, at the time the inquiry was sent, defendant had not yet been charged with the Weber County robbery, and no untried indictment or information was pending against defendant. Thus, nothing triggered the statutory right to demand trial on any "untried indictment or information." *See State v. Farnsworth,* 30 Utah 2d 435, 519 P.2d 244, 246 (1974) (interpreting the previous version of section 77–29–1 and commenting that it did not apply to unfiled charges).

The final issue raised by defendant is the admission of the confession he gave to the Canadian police. The Canadian police officers gave defendant a warning that he could remain silent and that if he did not, his statements could be used against him. A witness testified that the warning was in compliance with Canadian law at the time of defendant's arrest. The parties agree that the warning requirement set forth in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), does not apply to police officers of other nations. *See United States v. Chavarria,* 443 F.2d 904 (9th Cir.1971); *State v. Vickers,* 24 Wash.App. 843, 604 P.2d 997 (1979); *accord State v. Meyer,* 26 Wash.App. 119, 613 P.2d 132 (1980). The fifth amendment does, of course, require that the defendant confess voluntarily. The trial judge heard evidence from both the prosecution and the

defense out of the presence of the jury and decided that the prosecution had met its burden of showing voluntariness and admitted the confession. *See State v. Crank,* 105 Utah 332, 346–48, 142 P.2d 178, 184–85 (1943) (Larson, J., plurality opinion) (trial judge should hold evidentiary hearing out of presence of jury to determine voluntariness of confession). A trial judge's determination of voluntariness will not be overruled absent an abuse of discretion. *State v. Bolsinger,* 699 P.2d 1214, 1217 (Utah 1985). We find no abuse of discretion in this case. The trial judge's decision hinged on an evaluation of the testimony of the Canadian arresting officer and defendant. The arresting officer candidly admitted that he "kneed" defendant at the time of his booking; he further testified that defendant refused to speak with him at 9:00 the morning after the arrest but at around 5:00 that evening, indicated a willingness to speak with the officer. At that time, defendant stated that he understood his right to remain silent, that he was not afraid, and that he had nothing to hope or fear in confessing. Against this testimony, defendant offered his own assertion that he was only joking when he refused to sign his name on the booking document, that he was stripped of his clothing and thrown into a holding cell with his hands cuffed, that he was refused assistance of counsel, and that he was beaten until he confessed. Defendant also claimed that a new confession was substituted for the document he signed. Defendant's credibility was impeached by his record of past crimes and by his own statement when leaving the witness stand that "if you lie, I can too." We find no abuse of discretion in the trial court's acceptance of the officer's testimony over that of defendant.

Affirmed.

HALL, C.J., STEWART, Associate C.J., and HOWE and ZIMMERMAN, JJ., concur.

---

**4.** The letter is addressed to the "Weber County District Attorney."