OPINION OF THE COURT
Felice K. Shea, J.
Defendant, charged with murder in the second degree, seeks *680 suppression of a statement made while he was held in custody by Dominican Republic police officers. The People concede that defendant did not receive Miranda[1] warnings and ask the court to rule, in advance of a Huntley[2] hearing, that the absence of warnings by the Dominican police will not, by itself, require suppression of the statement.
From October 19, 1992 to October 21, 1992 defendant Mario Mejia was detained as a material witness by the Dominican Republic’s National Police in their District Offices in San Francisco de Macoris. Defendant Mejia was a friend of a homicide victim and he gave the National police a written statement in which he claimed that the murderer had attempted to shoot him and had inadvertently killed his friend. In the course of explaining the killer’s motive, defendant made admissions with respect to the homicide underlying the indictment herein. Dominican Republic law does not require the administration of Miranda warnings and none were given.
The courts of New York have not addressed the question of the admissibility in this State of an unwarned statement made in a foreign jurisdiction. However, the Federal courts have considered the issue and, in a long line of cases,[3] have ruled that Miranda warnings are not a prerequisite for admissibility. In the leading case, United States v Chavarria (443 F2d 904, 905 [9th Cir]), the United States Court of Appeals reasoned: "Miranda was intended as a deterrent to unlawful police interrogations. When the interrogation is by the authorities of a foreign jurisdiction, the exclusionary rule has little or no effect upon the conduct of foreign police. Therefore, so long as the trustworthiness of the confession satisfies legal standards, the fact that the defendant was not given Miranda warnings before questioning by foreign police will not, by itself, render his confession inadmissible.” (Citations omitted.)
A number of State courts have found the Federal rule persuasive. All hold that unwarned statements taken by for *681 eign officials may be admitted at trial because exclusion would serve no salutary purpose.[4]
The Federal courts do not apply the exclusionary rule in the related area of Fourth Amendment suppression law. In general, the fruits of arrests and searches made by foreign officials in a foreign country will not be excluded in the Federal courts for failure to meet Fourth Amendment requirements. (See, e.g., United States v Morrow, 537 F2d 120, 139 [5th Cir], cert denied 430 US 956; United States v MolinaChacon, 627 F Supp 1253, 1258 [ED NY], supra.)
The Miranda doctrine and the exclusionary rule which gives it effect are aimed at preventing police officers from relying on coercive interrogation. Since suppression of a statement in a New York court will not deter coercive conduct by foreign police officers, the reason for imposition of the exclusionary rule is absent. New York should follow the well-reasaned Federal decisions and decline to exclude statements taken by foreign authorities on the ground that they were not preceded by Miranda warnings.
There are two widely recognized exceptions to the general principle that the exclusionary rule will not apply to evidence obtained by foreign police. First, where American officials act as agents of the foreign police or participate in the investigation to the extent that it becomes a joint venture between the United States and foreign officials, the exclusionary rule will be invoked. (See, United States v Heller, 625 F2d 594, 599-600 [5th Cir]; United States v Morrow, 537 F2d 120, 139-141 [5th Cir], cert denied 430 US 956, supra; Stonehill v United States, 405 F2d 738, 743 [9th Cir], cert denied 395 US 960.) Second, where foreign police conduct shocks the judicial conscience, the truth of resulting evidence may be undermined and it will be suppressed on due process grounds. (See, United States v Cotroni, 527 F2d 708, 712, n 10 [2d Cir], cert denied 426 US 906; United States v Molina-Chacon, 627 F Supp 1253, 1263, *682 supra.) At the Huntley hearing to be conducted the People will have the burden of proving beyond a reasonable doubt that United States officials did not jointly participate in the taking of the statement and that defendant’s rights to due process were observed by the Dominican police.
Accordingly, the court holds that the failure of the Dominican Republic police officers to give defendant Miranda warnings does not, without more, mandate suppression of defendant’s statement. Defendant’s motion to suppress is granted to the extent that a Huntley hearing shall be held in accordance with the foregoing.
[Portions of opinion omitted for purposes of publication.]

. Miranda v Arizona, 384 US 436.

. People v Huntley, 15 NY2d 72.

. See, e.g., United States v Khan, 993 F2d 1368, 1376, n 7 (9th Cir) (dictum); United States v Wolf, 813 F2d 970, 972, n 3 (9th Cir); United States v Martindale, 790 F2d 1129, 1131-1132 (4th Cir); United States v Covington, 783 F2d 1052, 1056 (9th Cir); United States v Heller, 625 F2d 594, 599 (5th Cir); United States v Nolan, 551 F2d 266, 273 (10th Cir), cert denied 434 US 904; Kilday v United States, 481 F2d 655, 656 (5th Cir); United States v Molina-Chacon, 627 F Supp 1253, 1262 (ED NY); United States v Hensel, 509 F Supp 1364, 1375 (D Me).

. See, e.g., State v Ford, 108 Ariz 404, 411-412, 499 P2d 699, 706-707, cert denied 409 US 1128; Anderson v State, 278 Ark 171, 178-179, 644 SW2d 278, 281-282; People v Helfend, 1 Cal App 3d 873, 885-890, 82 Cal Rptr 295, 303-307, cert denied 398 US 967; State v Burke, 110 Idaho 621, 626-627, 717 P2d 1039, 1044-1045; Commonwealth v Wallace, 356 Mass 92, 96-97, 248 NE2d 246, 248-249; Brown v State, 394 So 2d 316, 318 (Miss); State v Simon, 680 SW2d 346, 352 (Mo) (dictum); State v Cranford, 83 NM 294, 295, 491 P2d 511, 512, cert denied 409 US 854; State v Sammons, 656 SW2d 862, 871 (Tenn); Alvarado v State, 853 SW2d 17, 21 (Tex), and cases collected at 20, n 6; State v Wright, 745 P2d 447, 451 (Utah); State v Meyer, 26 Wash App 119, 126-127, 613 P2d 132, 136-137 (dictum).