The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Kenneth Russell CALHOON, Defendant–Appellee.

No. 93CA1941.

Colorado Court of Appeals, Div. II.

Dec. 15, 1994.

Rehearing Denied Jan. 19, 1995.

Certiorari Denied July 10, 1995.

David J. Thomas, Dist. Atty., Donna Skinner Reed, Chief Appellate Deputy Dist. Atty., Golden, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge HUME.

The People appeal from a judgment of the district court dismissing a charge of escape against defendant, Kenneth Calhoon, after finding that he did not receive a speedy disposition of that charge as required by the Uniform Mandatory Disposition of Detainers Act (UMDDA). We reverse and remand to the district court with directions that the charge be reinstated against defendant and a trial date set.

On November 19, 1992, defendant allegedly escaped from the Department of Corrections (DOC) Communications Responsibility Center in Lakewood, Colorado. Upon his subsequent arrest, DOC returned defendant to the Arkansas Valley Corrections Facility in Crowley, Colorado.

In December 1992, because of the escape, defendant received DOC reclassification forms increasing his security rating to the status of "detainer/pending charges." However, no formal charges had in fact been filed and no detainer had been lodged at that time. Nevertheless, relying upon the information in the reclassification forms, defendant, acting pursuant to § 16–14–102(1), C.R.S. (1986 Repl.Vol. 8A), requested a speedy disposition of any untried charges pending against him.

On May 20, 1993, the district attorney charged defendant by information with one count of escape. Defendant did not thereafter file an additional request for disposition after the filing of this charge. Nevertheless, on September 2, 1993, defendant moved to dismiss the charge pursuant to the UMDDA since more than 90 days had expired from the date the district attorney filed the charge.

The district court held a hearing on defendant's motion in which it found that, even though there were no charges pending against defendant when he initially filed the UMDDA petition, the 90–day time limit for speedy disposition of the untried escape charge began to run when the charge was actually filed. Since more than 90 days had expired from that date, the court dismissed the charge.

■ The People contend that because the defendant's UMDDA petition predated the filing of the escape charge, the petition had no legal effect upon its subsequent filing. We agree.

Pursuant to the UMDDA, any person who is in custody of the DOC may request final disposition of any untried indictment, information, or criminal complaint pending against that person in the state. Such a request invokes the obligation of the superintendent of the institution where the prisoner is confined to forward the request to the prosecuting official and the court having jurisdiction of the pending untried charge.

Receipt of these materials by the court and prosecutor in turn initiates a 90–day period within which the prisoner must be brought to trial, failing which the charge must be dismissed. *People v. Higinbotham,* 712 P.2d 993 (Colo.1986).

Both parties agree that here, because there was no charge pending against defendant when he filed the UMDDA petition on March 19, 1993, the 90–day time limit did not then attach. Further, because the record does not contain allegations or evidence as to whether the superintendent mailed defendant's UMDDA request to the Jefferson County authorities, we will not address whether the superintendent complied with

857

the statute. The precise issue before this court is whether the petition for speedy disposition retained any legal vitality so that the 90–day dispositional period was triggered when the escape charge was filed on May 20, 1993.

 The existence of an untried indictment, information, or criminal complaint is necessary before a prisoner may invoke the UMDDA's procedural protection. *See People v. Gonzales,* 679 P.2d 1085 (Colo.1984) (an arrest warrant is not an untried indictment, information, or complaint and therefore does not trigger the speedy trial provisions of the UMDDA); *People v. Morgan,* 712 P.2d 1004 (Colo.1986) (the procedural provisions of the UMDDA do not attach to a classification review specifying the degree of security required to house a prisoner). *See also Moody v. Corsentino,* 843 P.2d 1355 (Colo.1993) (the right to a speedy trial does not attach until a defendant is formally accused by a charging document).

Although a prisoner's right to request the final disposition of untried charges pending against him is independent of filing a detainer with the confining authority, formal charges in the form of an indictment, information, or complaint are still necessary to trigger the statute's protection. *See People v. Campbell,* 742 P.2d 302 (Colo.1987) (a prisoner can invoke the UMDDA to request the speedy disposition of charges pending against him in another county, even though no detainer has been filed at his current place of confinement); *People v. Trancoso,* 776 P.2d 374 (Colo.1989) (because criminal charges had been issued against a prisoner prior to his incarceration in another jurisdiction, he could request the speedy disposition of those charges in the absence of a detainer filed with the institution's superintendent).

These cases establish that a prisoner's right to invoke the UMDDA's procedural protection depends upon the existence of formal charges at the time the UMDDA request is filed. Therefore, a petition for a speedy disposition that predates the filing of an indictment, information, or complaint is a nullity with no legal effect on subsequently filed felony charges. *See State ex rel. Dennis v. Morphonios,* 252 So.2d 845 (Fla.App.1971);

*State v. Clark,* 28 Utah 2d 272, 501 P.2d 274 (1972). *See also State v. Farnsworth,* 30 Utah 2d 435, 519 P.2d 244 (1974). Hence, the trial court erred in applying the UMDDA to the escape charge at issue here.

The judgment is reversed, and the cause is remanded to the district court with directions to reinstate the escape charge.

PLANK and ROY, JJ., concur.